### PEOPLE v. GEYER.

(Supreme Court, Appellate Division, First Department.    June 11, 1909.)

1. CRIMINAL LAW (§ 112*)—VENUE—LOCALITY OF OFFENSE.

    Accused, living in N. county, received there by mail a check to invest the proceeds for another, and indorsed and placed it in a bank in another county for collection, and drew checks in N. county, and kept his check book in N. county. The money received on the checks he appropriated to his own use. *Held*, that the crime of larceny was committed in N. county, or was at least partly committed therein, within Code Cr. Proc. § 134, providing that, when a crime is committed partly in one county and partly in another, the jurisdiction is in either county, and accused was properly prosecuted in N. county.

    [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 223; Dec. Dig. § 112.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. LARCENY (§ 40*)—ISSUES—PROOF—VARIANCE.
Where the proof under an indictment of larceny of money shows that accused stole a draft, on which he afterwards obtained the money, there is no material variance between the indictment and the proof.

[Ed. Note.—For other cases, see Larceny, Cent. Dig. §§ 102–126; Dec. Dig. § 40.*]

3. LARCENY (§ 23*)—LARCENY OF INSTRUMENT EVIDENCING DEBTS.
Under Pen. Code, § 545, providing that, where the thing stolen consists of a written instrument evidencing a debt, the amount of money due thereon is the value of the thing stolen, the stealing of a written instrument evidencing a debt constitutes the same crime of larceny as the stealing of money, and the same penalty is prescribed.

[Ed. Note.—For other cases, see Larceny, Cent. Dig. §§ 50–52; Dec. Dig. § 23.*]

4. INDICTMENT AND INFORMATION (§ 160*)—AMENDMENTS—POWER OF COURT.
Under Code Cr. Proc. § 293, providing for the allowance of amendments in case of a variance between the allegation and proof as to the description of any place, person, or thing, etc., the court has the power to permit an amendment to an indictment by changing the allegation of the larceny of a check to that of the money represented by it and the proceeds of it.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. § 515; Dec. Dig. § 160.*]

5. CRIMINAL LAW (§ 1169*)—ERRORS IN ADMISSION OF EVIDENCE—CURING BY OTHER EVIDENCE.
Where accused, testifying as a witness in his own behalf, testified to facts erroneously permitted to be proven against him on behalf of the prosecution, the error was cured, though accused objected to be examined on the subject, since by becoming a witness himself he laid himself open for investigation as bearing on his credibility.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3137–3143; Dec. Dig. § 1169.*]

Laughlin and McLaughlin, JJ., dissenting.

Appeal from Court of General Sessions, New York County.

Charles T. Geyer was convicted of grand larceny in the second degree, and he appeals. Affirmed.

Argued before INGRAHAM, LAUGHLIN, HOUGHTON, McLAUGHLIN, and SCOTT, JJ.

Charles Lex Breck, for appellant.

William Travers Jerome, Dist. Atty, and E. Crosby Kindelberger, Deputy, for the People.

HOUGHTON, J.  The defendant was indicted for the crime of grand larceny in the second degree in having appropriated to himself a check calling for the payment of $500. This check had been sent at the instance of one Robert P. Richardson for the purpose of having the money represented by it added to other moneys in the defendant's hands and invested by him. The defendant for a long number of years had acted as one of the executors and trustees under the will of one Lyman F. Richardson, and as such had borne confidential relations to the Richardson family, of whom Robert was a member. At the time the check was sent to him the defendant had in his hands $1,500, and he represented to the Richardsons that he could more easily secure a

mortgage for $2,000 than for the $1,500, and it was for the purpose of placing that amount in his hands for investment that the check for $500 was sent to him. The $500 check was received by the defendant at the city of New York, and he placed it to his individual credit in a bank located in the city of Brooklyn. He did not add the $500 to the $1,500 already in his hands and invest the same in a $2,000 mortgage, nor invest it at all, but appropriated it to his own use by checking it out from time to time, paying, however, interest on the same, as well as the $1,500, to Richardson, and representing to him that he had found a proper investment for the total amount.

The defendant lived and had whatever place of business he maintained in the city of New York, and kept his check book there, and drew checks on the fund at that place, which were paid by the Brooklyn bank. Under the evidence there is no question that the defendant received the money in a fiduciary capacity as agent for the owner, and appropriated it to his own use, and thereby committed the crime of larceny as defined by section 525 of the Penal Code. His confession as testified to and his own testimony establish the misappropriation, and the verdict of the jury is thus fully warranted by the evidence. The only questions for consideration are the various alleged errors committed upon the trial, which the defendant insists are sufficient to call for a reversal of the conviction.

In the course of the trial and after a part of the people's case had been proven, the court permitted the district attorney to amend the indictment by eliminating therefrom the charge that the defendant had stolen a bank check of the value of $500 and substituting in its place the allegation that the defendant had stolen $500 in money. The indictment contained two courts, the first for feloniously taking and carrying away, and the second for feloniously appropriating as agent, and it was under the second that the conviction was had. The defendant urges that this amendment was prejudicial to him, because, if any misappropriation of the money occurred, it occurred in the county of Kings, where the money was deposited, and not in the county of New York, and that the amendment was beyond the power of the court, and that at the time the amendment was allowed the crime was barred by the statute of limitations; more than five years having elapsed since the misappropriation.

The defendant lived in the county of New York, and the check was mailed to him at that city from Philadelphia, and he indorsed it and placed it in the Brooklyn bank for collection, and when collected the money was placed to his individual credit. The defendant kept his check book in New York, and checked out the money for his own purposes by drawing checks in New York. The act of misappropriation was thus done where the defendant himself was. The crime of appropriating to himself the moneys which he held as agent by drawing a check in New York upon a bank in another county and using the money for his own purposes was, we think, a crime committed in the county of New York, where he himself was at the time he drew the check and appropriated the money, and not one committed in the county where the bank was located. Conceding that the defendant had the

right to deposit the money in his own name and committed no offense by so doing, he did not have the right to draw it out by check and use it for his own purposes. Presumptively where he drew the check was where he misappropriated it, notwithstanding the fact that the check went to the bank of another county to be paid. If the defendant had proved that he went to the Brooklyn bank and drew out the money and there appropriated it to his own use, very possibly he would have established lack of jurisdiction of the courts of New York county over the offense. Not having proved that, we think the fair assumption is that the crime was committed in the county where the defendant was at the time he performed the act which misapplied the money to his own use.

But, if this be not sound, the crime was at least partly committed in the county of New York, and section 134 of the Code of Criminal Procedure provides that, when a crime is committed partly in one county and partly in another, or the acts or effects thereof, constituting or requisite to the consummation of the offense, occur in two or more counties, the jurisdiction is in either county. In People v. Mitchell, 49 App. Div. 531, 63 N. Y. Supp. 522, affirmed 168 N. Y. 604, 61 N. E. 182, the defendant was indicted for the crime of larceny in appropriating property of which he was bailee. He received the property as bailee in the county of Erie, but actually converted it to his own use in the county of Niagara, and it was held that he was properly indicted and tried in the county of Erie. The grand jury of the county of New York, therefore, in any event, had jurisdiction to indict the defendant for the offense and the Court of General Sessions of that county had the right to bring him to trial thereon.

We are also of the opinon that the changing of the allegation of the indictment from larceny of the check to that of the money represented by it and the proceeds of it was within the power of the court. Section 293 of the Code of Criminal Procedure prescribes that upon the trial of an indictment, when a variance between the allegation and the proof, in respect to time, or the name or description of any place, person, or thing, shall appear, the court may, in its discretion, if the defendant cannot be thereby prejudiced in his defense on the merits, direct the indictment to be amended according to the proof. If the defendant had been indicted for stealing a check, and it turned out upon the trial that the paper which he had stolen was miscalled a check and was in fact a draft, clearly it would have been within the power of the court to permit the indictment to be amended to conform to the fact proven. Where the proof under an indictment for larceny of money shows that the defendant stole a draft, upon which he afterwards obtained the money, instead of stealing the money itself, there is no material variance between the indictment and the proof. People v. Lammerts, 164 N. Y. 137, 58 N. E. 22; People v. Dimick, 107 N. Y. 13, 14 N. E. 178.

In People v. Lammerts, supra, the defendant, who was county treasurer of the county of Niagara, was indicted for appropriating to himself moneys belonging to the county. He drew a check upon the bank in which the moneys were deposited, and obtained therefor a draft payable to a creditor who had obtained a judgment against him, which

draft was subsequently paid. The defendant claimed that these facts showed a fatal variance from the charge of the indictment that he had appropriated money to himself. In discussing the point the court says:

"The money of the county had been deposited in the bank, subject to the order and control of the county treasurer. He drew the check upon the bank as such treasurer, and his check was paid. The transaction was, in effect, the same as if the cashier of the bank had paid the money over personally to him upon the check, and then he had taken and passed it back to the cashier in payment for the draft."

And in further discussing the requirements of an indictment the court says:

"The indictment must contain a plain and concise statement of the act constituting the crime, without unnecessary repetition. It is sufficient if the act charged as the crime is stated with such a degree of certainty as to enable the court to pronounce judgment upon the conviction according to the rights of the case. It is not insufficient by reason of any imperfection in matter of form which does not tend to the prejudice of the substantial rights of the defendant upon the merits. Code Cr. Proc. §§ 275, 284, 285."

The stealing of a written instrument, being an evidence of debt, constitutes the same crime of larceny as the stealing of money, and the same penalty is prescribed, and the sum called for by the written instrument is deemed to be the value of the thing stolen. Pen. Code, § 545; People v. Fletcher, 110 App. Div. 231, 97 N. Y. Supp. 62; People v. Peckens, 153 N. Y. 576, 47 N. E. 883. Further illustrations of the propriety of allowing amendments to indictments, and the liberality of courts in that regard, are found in People v. Jones, 129 App. Div. 772, 113 N. Y. Supp. 1097, and in People v. Langley, 114 App. Div. 427, 100 N. Y. Supp. 123, and in People v. Coombs, 36 App. Div. 284, 55 N. Y. Supp. 276, affirmed 158 N. Y. 532, 53 N. E. 527.

On allowing the amendment the court permitted an adjournment, and the defendant does not claim that as matter of fact he was not prepared to meet the charge of larceny of the money, but rests his claim of error upon the lack of power of the court to grant the amendment which was allowed. We think the court had power, and that there was no error in permitting the amendment of the indictment, or in the ruling of the court that the crime was committed in the county of New York.

The defendant further urges that improper evidence was admitted against the defendant's objection and exception to prove, as a part of their primary case, admissions made by the defendant that he had violated his trust in regard to other moneys belonging to the Richardson estate. When this evidence was first offered, the defendant did not object to it because it was improper, but only upon the ground that the witness, in using the word "stolen," was drawing his own conclusion, and asked that the entire conversation with the defendant be detailed. Subsequently the defendant did object to proving what the defendant in fact did, or what he said he did, with respect to other moneys belonging to the estate, and over his objection and exception the evidence was allowed. Assuming that this evidence was not a part of the general conversation in which the defendant was claimed to have admitted the appropriation to himself of the $500 charged in the indictment,

and that it was improperly admitted, its admission did not constitute reversible error, because the defendant as a witness in his own behalf confessed that he had violated his trust and invested the money contrary to the directions of the will of which he was executor, and admitted all the facts which the people were permitted to prove in respect thereto.

Where a defendant in a criminal trial is called as a witness in his own behalf, and testifies to the same facts erroneously permitted to be proven against him on behalf of the people, the error is rendered harmless, and the evil of admitting it is counteracted. People v. Wenzel, 189 N. Y. 275, 282, 82 N. E. 130; People v. Governale, 193 N. Y. 581, 591, 86 N. E. 554. The cure thus effected is not nullified by the fact that the defendant objected to being examined on the subject. He offered himself as a witness, and his life and his acts were open for investigation for the purpose of ascertaining his credibility. We are convinced that the defendant had a fair trial, and that his guilt was fully proven.

The judgment of conviction must be affirmed.

INGRAHAM and SCOTT, JJ., concur.

LAUGHLIN, J. I dissent, on the ground that in my opinion the amendment of the indictment was unauthorized.

McLAUGHLIN, J., concurs with Mr. Justice LAUGHLIN.