THOMAS MACK, *alias* THOMAS McENERNY, Plaintiff in Error, v. THE PEOPLE OF THE STATE OF NEW YORK, Defendant in Error.

The provision of the Revised Statutes (2 R. S. 727, § 50), declaring that "a person committing a burglary and larceny in one county and carrying the stolen property into another county, may be indicted, tried and convicted for the burglary in the latter county, as if the crime had been there committed," is within the legislative power and is valid.

The offender may be indicted and tried in the Court of General Sessions of
the county where he is found with the fruits of his crime.

(Argued September 20, 1880; decided September 28, 1880.)

ERROR to the General Term of the Supreme Court, in the
first judicial department, to review judgment affirming a judg-
ment of the Court of General Sessions of the Peace, in and
for the city and county of New York, entered upon a verdict
convicting the plaintiff in error of the crime of burglary.

The indictment charged and the proof established the com-
mission of the burglary, at City Island, in the county of West-
chester, the stealing of certain property and the bringing of
the same by the prisoner into the county of New York.

*William F. Kintzing* for plaintiff in error.    There could be
no conviction of the crime of burglary, it having been com-
mitted in another county than the one in which the trial was
had.    (3 R. S. [6th ed.] 1021, § 50; 1 Hale's P. C. 507, 536;
2 id. 163; 2 East's P. C. 771; 1 Hawk. P. C., chap. 33, § 52;
*McCord* v. *People*, 46 N. Y. 470; *People* v. *Gardner*, 2 Johns.
447; *People* v. *Burke*, 11 Wend. 127; *Rainey* v. *People*, 22
N. Y. 413; 2 R. S. 741, § 24.)

*Benj. K. Phelps*, district attorney, for defendant in error.

FOLGER, Ch. J.    The legislature has seen fit to enact that
he who commits a burglary and larceny in one county, if he
brings the stolen property into another county, may be indicted,
tried and convicted for the burglary in the latter county, as if
it had been done there.    (2 R. S. 727, § 50)    It is the same
kind of legislation as that which declares, that for an offense
committed on the boundary of two counties, or within 500
yards of it, the offender may be indicted and tried in either
county.    (2 R. S. 727, § 45 ; see, also, id., § 44.)    The matter is
clearly within the legislative power.    The legislature could
take away, in a particular instance, the local character of the
offense of burglary, and in a certain case it has done so.    We

know of no restriction upon its authority so to do. The offense is against the peace of the People of the State of New York, and the People, by a law passed before the commission of the offense, may lawfully direct that the offender be tried in another county than that in which the act was done.

The Court of Sessions, in which the prisoner was indicted and tried, is indeed a court of limited territorial jurisdiction. The court has not attempted in this trial to extend that jurisdiction. It sat within its limit of territory. The prisoner was found therein, with the fruits of his crime. The legislature has brought such a case within the subject-matters of which the court may take jurisdiction. No principle is violated thereby; one is changed, or so far abated, by legitimate legislative power. The enactment is valid. The facts of the case bring it within the statute.

It is suggested that the statute is in violation of the bill of rights wherein the latter provides that "no person shall be held to answer for a capital or otherwise infamous crime   *   *   * unless on presentment or indictment of a grand jury." (Constitution, art. 1, § 6.) And an indictment, it is said, is "an accusation at the suit of the King," (or the People) "by the oaths of twelve men, at the least, and not more than twenty-three, of the same county wherein the offense was committed, returned to inquire of all offense in general in the county, determinable by the court in which they are returned, and finding a bill brought before them to be true." (Bac. Abr., Indictment; id (c); 2 Hawk. Pl. Cr., Bk. 2, chap. 25.) And a presentment is an accusation by the same without any bill before it, and afterward reduced to a formed indictment. (Bac. Abr., *supra*.)

The argument is that the bill of rights, when it uses the words "indictment" and "presentment," means the same as if, instead of those words, it had expressed the definition of them as above given. And there is much to be said in favor of an interpretation that will preserve to a citizen the right to a trial in the county of his abode, of his friendships, of his means of defense. Doubtless, at common law, the grand jurors were sworn *ad inquirendum pro corpore comitatus*, and could not

regularly inquire of a fact done out of that county for which they were sworn. (Hawkins, *supra*, § 34.) But by act of Parliament they might be specially enabled so to do. (2 Hale's P. C. 163.) In Hale (*supra*) are given instances of such acts of Parliament, as early as the times of Charles II, James, Elizabeth, Henry VIII, Henry VII and Edward VI. (Hawkins, *supra*, § 36.) By all rules of interpretation, then, we are to read the language of the bill of rights in the light of the law as it was when the bill of rights was adopted. Then, though as a rule indictments could be preferred and tried only in the county where the offense was committed, there were exceptions to that rule of instances in which the legislature had directed otherwise. And the bill of rights must be taken to have recognized that legislative power, and not to have intended the abrogation of it, as there is no indication in the language of a purpose so to do. It must be taken to have meant an accusation preferred by a grand jury, as authorized by law present and future, common law or statutory.

The judgment is right and should be affirmed.

All concur.

Judgment affirmed.