(21 Misc. Rep. 130.)

PEOPLE v. THORN et al.

(Court of General Sessions, New York County. July, 1897.)

1. HOMICIDE—INDICTMENT—DUPLICITY.
    An indictment charging conspiracy to commit murder in one count, and the consummated murder in another count, is not duplicitous, under Code Cr. Proc. §§ 278. 279, providing that, where the same "acts complained of may constitute different crimes, such crimes may be charged in separate counts."

2. Conspiracy—Merger in the Crime.
    A conspiracy to commit a felony becomes merged in the actual commission of the felony, so as to prevent a prosecution for the conspiracy itself as an independent crime.

3. Jurisdiction—Crime Committed in Two Counties.
    When a murder is planned, and preparations therefor, including the acquisition of control over the victim, take place in one county, but the actual killing occurs in another county, the courts of either county have jurisdiction of the crime, by virtue of Code Cr. Proc. § 134, providing that "when a crime is committed, partly in one county and partly in another, or the acts or effects thereof, constituting or requisite to the consummation of the offense, occur in two or more counties, the jurisdiction is in either county."

Indictment against Martin Thorn and Augusta Nack for murder. Defendants demur to indictment. Overruled.

John D. Lindsay, David Mitchell, and Otto A. Rosalsky, Asst. Dist. Attys., for the People.
Howe & Hummel and Friend, House & Grossman, for defendants.

NEWBURGER, J. The indictment herein charges the defendants with the crime of murder in the first degree, committed partly in the county of New York and partly in the county of Queens, namely, that the defendants have conspired to murder the deceased in Queens county, and here, pursuant to such conspiracy, deliberated upon the murder, planned its execution, and allured, inveigled, and enticed the deceased from this county to the town of Newtown, in Queens county, where, in consequence of the conspiracy, and in the execution of the plans here agreed upon and prepared, they did actually murder him. The defendants demur to this indictment on the four specific grounds following: First, that the indictment does not conform substantially to the requirements of sections 275 and 276 of the Code of Criminal Procedure; second, that more than one crime is charged in the indictment, within the meaning of sections 278 or 279 of the Code of Criminal Procedure; third, that the facts stated in the said indictment do not constitute a crime; fourth, that the crime set forth in the indictment was committed in the county of Queens, and not within the city and county of New York, and therefore not within the jurisdiction of the court of general sessions of the peace in and for the city and county of New York, or any other court having jurisdiction in the said city and county.

From a reading of the indictment, it is apparent that it substantially conforms to all the requirements of sections 275 and 276 of the Code of Criminal Procedure.

As to the second objection raised by the demurrer, that more than one crime is charged in the indictment, namely, conspiracy and murder, the courts of this state have repeatedly held that where an indictment contains different counts, each of which technically describes a different offense, but it is apparent from the general tenor of the indictment that each count relates to the same transaction, and that the introduction of separate counts is not for the purpose of proving distinct offenses, and where, as in this case, the acts of conspiracy were manifestly initiatory to, and were merged into and consummated by, the crime of murder, such an indictment is good. People v. Wicks, 11 App. Div. 539, 42 N. Y. Supp. 630, and the authorities

there cited. It has also been held that where there is a conspiracy to commit a felony, and such crime is subsequently consummated pursuant to the conspiracy, the conspiracy merges in the felony, so as to prevent a prosecution for the conspiracy itself as an independent crime. People v. McKane, 143 N. Y. 455, 38 N. E. 950, and People v. Wicks, supra.

As to the question of jurisdiction, section 134 of the Code of Criminal Procedure provides:

"When a crime is committed, partly in one county and partly in another, or the acts or effects thereof, constituting or requisite to the consummation of the offense, occur in two or more counties, the jurisdiction is in either county."

It is contended on behalf of the defendants that the indictment shows upon its face that the crime was committed in Newtown, Queens county. The elements necessary to constitute murder are premeditation, deliberation, and intent to kill. The premeditation and deliberation in this case unquestionably occurred in the city and county of New York; the intention to kill was formed in the minds of these defendants, if at all, in the city and county of New York; and the inveigling and enticing of Guldensuppe occurred in the city and county of New York. Therefore the crime was partly committed in this city and county. In this case the indictment directly charges that not only were parts of the crime, namely, the formation of the intent to commit it, evidenced by the act of conspiracy and combination, and the further act of deliberation thereon, committed by the defendants in this county, but that certain other acts, namely, the preparation of the plans and means for the consummation of the murder, and the inveigling of the deceased from this county to the place where the crime was finally completed, began here. It has been held in this state that, where a crime has been partly committed in one county and partly in another, the case falls within the provisions of section 134 of the Code of Criminal Procedure, and that either county has jurisdiction. People v. Crotty (Sup.) 9 N. Y. Supp. 937; People v. Dimick, 107 N. Y. 15, 14 N. E. 178; and People v. Wicks, supra. The validity of this statute seems to be approved by the principle laid down in Mack v. People, 82 N. Y. 235. The case of Archer v. State, 7 N. E. 225, decided by the Indiana supreme court in May, 1886, is directly in point. In that case the preparations for the commission of the crime were made in Martin county, and the murder was committed in Orange county; and the court there held, citing a number of authorities of different states, that either county had jurisdiction. So, also, as Mr. Bishop, in his work on Criminal Law (volume 1, § 116 [7th Ed.]), says:

"In reason, and according to the better authorities, where a crime is really committed a part in one county and part in another, the tribunals of either may properly punish it, provided that what is done in the county which takes the jurisdiction is a substantial act of wrong, and not merely some incidental thing, innocent in itself alone."

It is therefore clear, from the reading of the indictment, that this court has jurisdiction of the defendants, and that the indictment was properly found. The demurrer must therefore be overruled, with leave to the defendants to plead.

Demurrer overruled, with leave to defendants to plead.