PEOPLE v. INTERNATIONAL NICKEL CO.

(Supreme Court, Appellate Division, Second Department.  May 14, 1915.)

1. NUISANCE ⊕⇒59—VENUE—OFFENSES BEYOND TERRITORIAL JURISDICTION—
   STATUTE.
        Penal Law (Consol. Laws, c. 40) § 1930, subd. 5, authorizing the punish-
   ment of a person who, being without the state and with intent to cause
   within the state a result contrary to the laws of the state, does an act
   which, in its nature and usual course, results in an effect contrary to the
   state laws, does not authorize the indictment of a foreign corporation for
   a nuisance, resulting from fumes generated in its factory out of the state,
   but which blew across the line into the state, where the indictment does
   not charge that the defendant acted with intent to cause a result con-
   trary to state laws.
        [Ed. Note.—For other cases, see Nuisance, Cent. Dig. §§ 135, 136; Dec.
   Dig. ⊕⇒59.]

2. CRIMINAL LAW ⊕⇒97—VENUE—PUBLIC NUISANCE—OBNOXIOUS FUMES.
        The maintenance of the factory from which obnoxious fumes are per-
   mitted to escape is the nuisance, not the fumes after their escape, and
   the offense is committed in the state where the factory is operated, not
   where the fumes result in injury.
        [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 177–189,
   191; Dec. Dig. ⊕⇒97.]

Appeal from Richmond County Court.

The International Nickel Company was indicted for maintaining
a public nuisance.  From a judgment sustaining a demurrer to the in-
dictment, the People appeal.  Affirmed.

Argued before JENKS, P. J., and CARR, STAPLETON, and PUT-
NAM, JJ.

William Allaire Shortt, of New York City (Albert C. Fach, Dist.
Atty., of St. George, on the brief), for the People. .

Francis D. Pollak, of New York City (John Foster Dulles, of New
York City, on the brief), for respondent.

PUTNAM, J.   Defendant has been indicted by the grand jury of
Richmond county for maintaining a public nuisance in violation of
section 1530 of the Penal Law, in operating an industrial plant in
Bayonne, N. J., in such manner that fumes, gases, and odors of a
deleterious character escaped from said plant, and were carried by the
wind into and upon Richmond county, whereby the health of a con-
siderable number of persons in Richmond county was endangered and
injured.   Defendant, a New Jersey corporation, demurred on the
ground that the grand jury of Richmond county was without jurisdic-
tion, which demurrer has been sustained.

[1] Our Code of Criminal Procedure requires that it appear from
the indictment that the offense was committed at some place within the
jurisdiction of the court (section 284, subd. 4), with certain exceptions,
none of which are applicable here.   We are, however, referred to. sec-
tion 1930, subd. 5 of the Penal Law, by which our courts may punish
criminally:

⊕⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"A person who, being out of the state and with intent to cause within it a result contrary to the laws of this state, does an act which in its natural and usual course results in an act or effect contrary to its laws."

This makes intent essential. But this indictment does not charge that defendant acted with intent to cause a result in this state contrary to its laws.

[2] The prosecution urges that this nuisance is not confined to defendant's New Jersey plant, but that 'the nuisance actually consists in the fumes and smoke that come from it and are blown into Richmond county, so that the nuisance was there a subject of indictment. Generally, any act, omission, or use of property, which results in polluting the atmosphere with noxious or offensive odors, thereby producing material physical discomfort and annoyance to person or property, is a nuisance. The odors and smoke complained of are charged to come from the defendant's plant in the state of New Jersey.

It is the maintenance of the thing itself, the misuse of the plant, that is the nuisance. The noxious matters given off as a result of its operation are the evidences and effects of the nuisance. People v. Central R. R. Co. of N. J., 42 N. Y. 283; State v. Babcock, 30 N. J. Law, 29; In re Eldred, 46 Wis. 530, 1 N. W. 175. The situs of this nuisance is in another state. While the results of the nuisance may affect the inhabitants of this state, criminal redress against the defendant will have to be sought in the courts of the state of New Jersey, where the nuisance is, or, at the suit of the state of New York in the capacity of quasi sovereign, in a controversy justiciable in the Supreme Court of the United States. Georgia v. Tennessee Copper Co., 206 U. S. 230, 27 Sup. Ct. 618, 51 L. Ed. 1038, 11 Ann. Cas. 488.

As the grand jury of Richmond county had not jurisdiction to find the indictment, the order and judgment of the County Court is affirmed. All concur.

<hr/>