For this reason, therefore, the judgment of conviction is reversed and a new trial ordered in the Magistrate's Court.

Judgment reversed and new trial ordered in Magistrate's Court.

---

## SUPREME COURT — SPECIAL TERM — NEW YORK.

### December, 1919.

## THE PEOPLE EX REL. VIRGINIUS J. MAYO v. JOHN J. HANLEY, WARDEN.

### (109 Misc. 591.)

HABEAS CORPUS—WHEN WRIT OF, DISMISSED—INDICTMENTS—EVIDENCE— CRIMINAL LAW—CONSTITUTIONAL LAW—CODE CRIM. PRO., § 142—PENAL LAW, § 342.

Section 342 of the Penal Law, which provides that an indictment for bigamy may be found in the county in which the defendant was arrested, is constitutional.

Where relator was brought before a magistrate upon a warrant charging him with bigamy, it is too late, after indictment found, to raise the point on habeas corpus that there having been no evidence before the magistrate to avoid the bar of the five year Statute of Limitations under section 142 of the Code of Criminal Procedure, the issuance of the warrant of arrest was illegal and the writ will be dismissed and relator remanded.

HABEAS CORPUS proceedings.

*J. Sidney Bernstein,* for relator

*Edward Swann, District Attorney (Robert S. Johnstone, Assistant District Attorney,* and *Felix C. Benvenga, Deputy Assistant District Attorney,* of counsel), for defendant.

HENDRICK, J.:

Relator has been committed for trial upon an indictment of the New York county grand jury alleging bigamy in Kings. county on April 2, 1904. He was arrested upon that charge in this county last March upon a warrant issued by a city magistrate in this county. The New York county grand jury's jurisdiction is claimed by reason of this arrest by virtue of the provisions of Penal Law, section 342, which reads as follows: " An indictment for bigamy may be found in the county in which the defendant is arrested     *     *     *."

Relator upon habeas corpus contends (1) that this statute is unconstitutional; and (2) that since no evidence to avoid the bar of the five-years' Statute of Limitations (Code Crim. Pro. § 142) was before the magistrate the grand jury failed to acquire jurisdiction because the warrant upon which he was arrested was illegally issued.

Now that relator is under indictment for the crime, I think it is too late to raise a question of the Statute of Limitations upon habeas corpus and that the mere physical apprehension of relator by the peace officer was enough to confer jurisdiction upon the grand jury. In King v. People, 5 Hun, 297, a prosecution in Rensselaer county for bigamy committed in Washington county, the General Term of the Third Department held that " whether the warrant was valid or void is immaterial, so long as an officer of the county arrested the defendant for a criminal offense of this character."

It also seems to me that the Court of Appeals, in Mack v. People, 82 N. Y. 235, has declared the legislature's power to enact such legislation as Penal Law, section 342, which has its like in England and many states of this country. The writ should be dismissed and relator remanded under the commitment herein.

Writ dismissed.