THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* SYLVESTER DALY, Appellant.

Court of Special Sessions, City of New York, Appellate Part, Second Department, January 7, 1935.

*Oscar Habas,* for the appellant.

*Charles S. Colden, District Attorney* [*James Loccisano* of counsel], for the respondent.

SALOMON, J. The appellant is charged with a violation of subdivision 1 of section 722 of the Penal Law in that the appellant did unlawfully and with intent to provoke a breach of the peace and whereby a breach of the peace might be occasioned, did call deponent vile and indecent names on the telephone and threatened to slash her. The appellant was convicted and, because of previous convictions for disorderly conduct, the magistrate under section 4 of the Parole Commission Law sentenced the appellant to the workhouse to serve an indeterminate sentence not to exceed two years.

From this judgment of conviction the appellant appeals to this court on three grounds, viz.: *First*, that the facts adduced upon the trial did not establish a violation of subdivision 1 of section 722 of the Penal Law; *second*, that there was no proof where the crime was committed; therefore, the court had no jurisdiction, and *third*, that the denial of the adjournment applied for was reversible error.

A reading of the testimony discloses that the appellant made several telephone calls on the night in question, and the conviction of the appellant is based chiefly on the telephone call made by the appellant in which he, the appellant, in addition to using abusive and insulting language, threatened to do the complainant bodily harm in that he threatened in said telephone call to call at her home and slash her up, as the result of which threat the complainant, in fear of bodily harm, called the police, who in turn called upon her at her home where said telephone call was received, and the police advised her to leave the house with her children to avoid such bodily harm. That the complainant in fear of such bodily harm by reason of said threat over the telephone kept her home locked and closely guarded, drawing down all blinds and kept her home in darkness and muffled the telephone. While ordinarily a telephonic communication even though the language might be abusive may be said to be such a confidential communication that it could not be said that the vile language used would tend to a breach of the peace under the statute, nevertheless, in my opinion, where, in addition to using vile and abusive language, the appellant elected to include in such abuse a threat to do bodily harm and slash the complainant up, as testified to in this case, which threat resulted in causing the complainant to call in the police at her home, such acts and conduct on the part of the appellant do amount to a violation of subdivision 1 of section 722 of the Penal Law in that same tended to provoke a breach of the peace and the magistrate was justified in so finding. These facts are undisputed; the appellant offered no testimony.

As to the question of denying appellant's application for an adjourment, I am satisfied that the appellant had every opportunity to meet the issue in this case, and in fact, after the conviction was had and before sentence was imposed, the court, being advised of the previous convictions of the appellant, advised the attorney for the appellant of his right to meet or question such previous convictions and the case was adjourned to November second, and again on November second appellant was given an opportunity of going into the previous convictions as provided by the Parole Commission Law, but the appellant through his counsel saw fit not to go into the question and did not take advantage of the opportunities given him.

As to the question of jurisdiction, namely, that there was no evidence as to where the crime was committed, I believe that the court had jurisdiction of this matter, the telephone call having been received by the complainant at her home which residence is in the district over which the Magistrates' Court where the case was tried had jurisdiction. I hold that the place where the telephone call was received is the place where the crime was committed and I distinguish the case at bar from the case of *People* v. *International Nickel Co.* (218 N. Y. 644), where the appellant was charged with maintaining a nuisance in that the appellant while operating his industrial plant at Bayonne, N. J., did operate in such a manner that fumes and smoke were blown over to Richmond county. A demurrer to the indictment was filed and sustained and such ruling was affirmed by the Appellate Division (168 App. Div. 245), PUTNAM, J., writing the opinion, from which an appeal was taken to the Court of Appeals where such affirmance was sustained upon the opinion below. PUTNAM, J., writing says that the indictment in this case failed to allege an intent to violate the law.

In my opinion it might be quite difficult to establish an intent in the case cited to the effect that the appellant intended to injure or affect the inhabitants of Richmond county, but in the case at bar, however, the appellant, through a medium selected by him, namely, the telephone, acted with a clear intent to have his voice reach the complainant at her home, and having succeeded in doing that which he intended, and having in his talk over the telephone included the threat made, to do the complainant bodily harm, such acts and conduct tended to a breach of the peace in violation of the section of the Penal Law above mentioned, and the court having jurisdiction of crimes committed in the territory taking in complainant's residence, had jurisdiction to try the issue.

Judgment should, therefore, be affirmed.

All concur; present, KERNOCHAN, P. J., SALOMON and DALE, JJ.