■ The People of the State of New York, Respondent, v. Nathan Steinberg, Appellant.— Appeal from a judgment of the County Court, Queens County, convicting appellant upon the first count of an indictment charging the crime of abortion in Queens County, in that, with intent thereby to procure a miscarriage, he prescribed for, supplied and administered to, the complaining witness, and advised and caused her to take a medicine, drug and substance, the same not being necessary to preserve her life nor the life of the child with which she was pregnant (Penal Law, § 80, subd. 1). Judgment reversed on the law, and the first count of the indictment dismissed. The findings of fact are affirmed. In our opinion, the proof adduced upon the first count, in essence, was that, in a drugstore located in New York County, the appellant gave pills, contrived to effect a miscarriage, to the complaining witness; that the complaining witness, who resided in Queens County, began to take such pills on the train going home from New York County; that, in her home, she took more of the pills, and that the appellant was not present either on the train or in

her home. The jury was instructed in the charge, to which there was no exception, that in order to convict appellant on the first count, they must find that he prescribed, counseled or advised the taking of the medicine, that there was an intent to procure a miscarriage, and that there was lack of necessity for the act. No instruction was given that ingestion of the pills was necessary to the consummation of the crime. The charge became the law of the case. (*People* v. *Sciascia,* 268 App. Div. 14, affd. 294 N. Y. 927.) Under the charge the crime, as defined by the trial court, was completed in New York County. In any event, on the record here presented it cannot be said that the crime charged was committed partly in New York County and partly in Queens County. Under the statute (Penal Law, § 80), either the act of prescribing or the act of supplying the drug was sufficient to constitute the crime charged. Both of such acts unquestionably were performed and completed in New York County. Section 134 of the Code of Criminal Procedure has no application to the case at bar since "the acts or effects * * * constituting, or requisite to the consummation of the offense" did not occur in two or more counties. (*Matter of Murtagh* v. *Leibowitz,* 303 N. Y. 311.)    Nolan, P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ., concur.