THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ANONYMOUS, Defendant.

City Court of Buffalo, November 10, 1965.

*Michael F. Dillon, District Attorney (Julian F. Kubiniec* of counsel), for plaintiff. *John Lloyd Egan* for complainant. *Albert J. Rydzynski* for defendant.

WILLIAM G. HEFFRON, J. Trial was held in this court without a jury on the 15th day of October, 1965. At the end of the People's case defendant moved for a dismissal of the charge.

The defendant was charged with a violation of section 555 of the Penal Law, making a threatening telephone call to the complainant and using obscene language to a member of the female sex. Decision was reserved on defendant's motion and each side was requested to file a memorandum of law by October 23, 1965.

The motion to dismiss was based on two grounds: first that the court had no jurisdiction unless the People proved as a part of their case that the call originated within the territorial limits of the City of Buffalo, and second that the language used was not a threat to commit a crime against a person nor was the language used obscene as defined in the various decisions.

The defendant's first objection is rejected. Although the presence of the accused within the territory in which he is accused is considered essential, such presence need not be actual; it may be constructive. "The theory of the law is that where one puts in force an agency for the commission of crime, he, in legal contemplation, accompanies the agency to the point where it become effectual." (21 Am. Jur. 2d, Criminal Law, § 386; 156 A. L. R. 862 ff.) In the case at bar for the purpose of making out a prima facie case it would make no difference if the call originated in one of the suburbs, another county or even in Canada. If the defendant talked into a dead phone in any of those places regardless of threats or obscenity there would be no crime. But talking into a live phone connected with the complainant to whom threats and obscenities are conveyed, the crime if any is committed by the defendant at the point where complainant received the call and in this case in the City of Buffalo in the Ellicott Square Building. (*Strassheim* v. *Daily*, 221 U. S. 280, 284. See, also, Wharton's Criminal Law and Procedure, Vol. 4, § 1506; *Hyde* v. *United States*, 225 U. S. 347.)

Defendant's second objection must also be rejected.

Complainant testified among other things that the defendant said to her, "I'll string you up by the toes and throw you into the river." There can be little question that these words contain a threat to commit a crime against the person of the complainant.

The question of whether or not calling a married female a "whore" or a "prostitute", or a "bitch" is obscene is more difficult to determine.

In the 1963 New York State Legislative Annual at page 73 in a Memorandum by Assemblyman John E. Kingston, who introduced the amendment to the bill, he talks of the import of such calls on females and on children under 16 years of age. There can be little doubt that the Legislature intended by this section to prohibit sexy, threatening, abusive telephone calls.

But the question presented here is, "Was the language used by the defendant or claimed by the complainant to have been used by the defendant obscene?" Are we bound by the Supreme Court decisions on its definition of obscenity in the cases where the First Amendment of the Constitution of the United States was at issue specifically in those cases involving freedom of the press, on the sale of books and prior censorship of movies?

I think that the answer must be in the negative. We must think of what the Legislature intended to prohibit. We must take the normal everyday meaning of the word obscene and apply that as the test to the words ascribed by complainant and her witnesses to the defendant. To call a woman, married or single, a prostitute and a whore is exactly the type of words intended to be prohibited by this section. They accuse complainant of the crime of adultery and perhaps other crimes. They are, if published to third persons, either slanderous or libelous per se. The everyday, ordinary meaning of these words conforms with the dictionary definition of obscene; i.e., lewd, impure, filthy, offensive to modesty or decency.

Defendant's motion to dismiss is denied. The defendant's side of the case if he wishes to present any proof will be taken at 9:30 A.M. on November 22, 1965 in this court.