Liston F. Coon, J.
Defendant demurs to an indictment charging him with aggravated harassment pursuant to subdivision 2 of section 240.30 of the Penal Law.
The charging clause of the indictment reads as follows: “ The said Oliver Fair on or about the 25th day of September, 1968, at his home in the Town of Catharine, in the County of Schuyler and State of New York, with intent to harass, annoy [sic] and alarm another person did make a telephone call to one John Van Buskirk with no purpose of legitimate communication and wherein no conversation ensued. ’ ’
It is defendant’s contention that the indictment is demurrable because it does not appear that the receipt of the call occurred within this county and that the crime, if it occurred at all, occurred where the complainant received the call. He is correct that the place where the call terminated is not identified so that for all purposes here it must be assumed that the said Van Buskirk was not within the county when he received the call.
Defendant relies upon a series of cases involving obscene and malicious telephone calls wherein the jurisdiction of the court was in issue, citing People v. Daly (154 Misc. 149); People v. Anonymous (52 Misc 2d 772) and People v. Brown (53 Misc 2d 343). However, the issue in those cases was whether or not jurisdiction rested in the courts at the place where the complaints of calls were received. These decisions do not stand for the reverse proposition that jurisdiction does not lie at the place where the call was placed, except for the dictum used by Judge Heetoron in People v. Anonymous (supra) to the effect that under section 555 of the former Penal Law the crime could be committed only in one jurisdiction which necessarily was the place where the call was received.
The People argue on this demurrer that jurisdiction lies either at the place where the telephone call originated or where it terminated, relying apparently upon section 134 of the Code of Criminal Procedure which provides that, ‘ ‘ "When an offense is committed, partly in one county and partly in another, or the acts or effects thereof, constituting or requisite to the consummation of the offense, occur in two or more counties, the jurisdiction is in either county. ’ ’
Upon a demurrer the facts stated in the indictment must be assumed to be true as well as everything that can be implied by fair and reasonable intendment, from those facts. (People v. Cadle, 7 AD 2d 65.)
*307 Thus the issue is squarely presented whether a defendant in this jurisdiction who forms an intent to harass, annoy and alarm another person and then makes a telephone call to that person for no legitimate purpose of communication commits “ acts * * '* constituting, or requisite to the consummation of the offense ”.
Application of section 134 of the code has not been without differences of judicial opinion in its interpretation. (See, e.g., People v. Kohut, 49 Misc 2d 1035, revd. 25 A D 2d 10, revd. 17 N Y 2d 705.)
It is clear that not every act, occurrence, or effect in some way connected with the commission of a crime is jurisdictionally significant. (Matter of Murtagh v. Leibowitz, 303 N. Y. 311.) To be of significance, it must be established that the alleged jurisdictional incident was “ essential in the consummation of the crime alleged in the indictment ”. (People v. Mitchell, 49 App. Div. 531, 535, affd. 168 N. Y. 604.) Conversely, if the act is not part of the offense defined in the statute, it is not “ requisite to the consummation of the offense ” (People v. Mitchell, 168 N. Y. 604, 607).
Other decisional criteria are that the complained of act or acts within a jurisdiction be “ indispensable ” to the commission of a crime (People v. Fowler, 31 N. Y. Crim. Rep. 95), that what is done in the county that takes jurisdiction is “ a substantial act of wrong, and not merely some incidental thing, innocent in itself alone ” (People v. Thorn, 21 Misc. 130, 133); that the act or acts be “ one or more of [the] substantive and material parts ” of the crime (People v. Nicoll, 3 A D 2d 64, 69) and that ‘ ‘ the act in question must be requisite to the consummation of the offense defined in the statute ” (Matter of Murtagh, 278 App. Div. 512, 515).
Applying such tests to the facts in this case, the jurisdictional bases are found to be present. The pertinent provision of section 240.30 of the Penal Law reads as follows: “2. Makes a telephone call, whether or not a conversation ensues, with no purpose of legitimate communication.” [Emphasis added.] Assuming the correctness of Judge Heefroe’s conclusion under section 555 of the former Penal Law, the statute here is different. In the former situation the gravamen of the specified crime was the communicated threat or use of obscene language. Here the gravamen is the making of the call accompanied by the requisite intent and lack of legitimate purpose. There is no requirement that a conversation take place.
This is not to say that the jurisdiction where the call is received would not have concurrent jurisdiction. Obviously the statute *308 contemplates a completed call through use of the word “ makes ” rather than “ places.” An uncompleted call would, of course, result in no crime regardless of the caller’s intent and motive.
Defendant’s reliance upon People v. Fein (292 N. Y. 10) is not applicable here. In that case the defendants were indicted in New York County for concealing and withholding stolen merchandise which had been physically concealed and withheld in Kings County. The Court of Appeals correctly concluded that the subsequent conviction was illegal and dismissed the indictment since all of the essential elements of the crime took place in Kings County. It is significant, too, that section 134 of the code was not an issue in that decision.
Defendant’s demurrer is disallowed. He shall be permitted to plead.