OPINION OF THE COURT
Harold J. Rothwax, J.
The defendant moves to dismiss count two of the indictment, which charges the crime of bribe receiving in the second degree, on the ground that the Grand Jury and this court lack geographical jurisdiction over the offense charged.
The People’s theory of the case, as reflected in the indictment, is as follows:
Bernard B. Landers was a public accountant in private practice in the Syracuse area, who did contract work for the State Department of Law (the Attorney-General’s Office). Upon learning that another accounting firm in his area had been given work by the Attorney-General’s Office, he com *717 plained to the defendant, who was the Assistant Attorney-General in charge of the contracts bureau, in a telephone call between Syracuse and Albany. The defendant allegedly told Landers to contribute to the State Republican Committee in order to insure that he would have exclusive rights to the accounting work in the Syracuse area. Landers shortly thereafter wrote a check for $1,500, payable to the Republican State Committee, which was ultimately received and deposited by the Republican State Dinner Committee in New York County.
The People contend that New York County gained jurisdiction over this crime by virtue of the fact that an element of the crime of bribe receiving, namely, the acceptance of a benefit by the designee of the bribe receiver, occurred in New York County.
Even accepting this position arguendo, count two of the indictment is factually inaccurate since it charges that the solicitation of the bribe occurred in New York County. The testimony before the Grand Jury clearly indicates it did not. The only acts relative to the alleged crime which occurred in New York County were the receipt and deposit of the check by the Republican State Dinner Committee, which body was concededly an innocent third party to the alleged arrangement between the defendant and Landers.
The court finds that this factual pattern does not establish a sufficient predicate for the exercise of jurisdiction by New York County.
It should be noted at the outset that the People do not assert "particular effect” jurisdiction (CPL 20.40, subd 2, par [c]) and, in fact, that statute would not, in any event, apply (Matter of Steingut v Gold, 42 NY2d 311). The People, therefore, had the burden of establishing by a preponderance of the evidence that conduct sufficient to establish an element of the offense occurred within New York County (CPL 20.40, subd 1, par [a]; People v Tullo, 34 NY2d 712). The CPL does not define the term "element of the offense” (but see Model Penal Code, § 1.13, subd [9]). However, the judicial interpretations of section 134 of the former Code of Criminal Procedure are instructive. That section was far more broadly drafted than CPL 20.40 (subd 1) in that it included "acts or effects thereof, constituting or requisite to the consummation of the offense”. Even under this more liberal statutory language the New York courts found difficulties in interpretation (see, e.g., Peo *718 ple v Kohut, 17 NY2d 705; People v Steinberg, 2 AD2d 701; People v Fowler, 152 NYS 672; also, see, Ann. 30 ALR2d 1265). "[N]ot every act, occurrence, or effect in some way connected with the commission of a crime is jurisdictionally significant.” (People v Fair, 60 Misc 2d 305, 307; citing Matter of Murtagh v Leibowitz, 303 NY 311.) The Fair case compiles other interpretations given to section 134 of the Code of Criminal Procedure. An act to be jurisdictionally significant must be "indispensable” to the commission of the crime (People v Fowler, 152 NYS 672, 679, supra) or " 'a substantial act of wrong, and not merely some incidental thing, innocent in itself alone.’ ” (People v Thorn, 21 Misc 130, 133.)
The People contend that acceptance of the bribe is a defined element of the crime of bribe receiving (Penal Law, § 200.10) and therefore jurisdiction follows the bribe (in this case the $1,500 check), wherever it may lead. The court feels that this analysis fails both as a matter of law and under the facts of this case as presented to the Grand Jury.
The only conduct which occurred in New York County was the receipt and deposit of a contribution check by an apparently innocent third party. In the absence of some agency relationship with the bribe receiver defendant, the court is not persuaded that the third party’s receipt constitutes an "acceptance” by the bribe receiver. Moreover, the evidence before the Grand Jury does not indicate at all how the check pro- , ceeded from Landers in Syracuse to New York County and documents submitted during oral argument indicate that the check was first sent to the Onondaga County Republican Committee, not to New York County.
Under the People’s theory, jurisdiction would lie in any county where the check was received, without regard to the number of such counties and without regard to the incidental, tenuous and fortuitous nature of such a contact. Such an interpretation of the statute creates the possibility of prosecutions by counties that have no connection with the gravamen of the crime (the corrupt agreement). The State has chosen to limit the jurisdiction of its counties so that only those counties may proceed that have a substantial and significant connection with the gravamen of the crime.
The Sixth Amendment to the United States Constitution states a preference for trials in the "district wherein the crime shall have been committed”. Though modern conditions have required, and the courts have permitted, the "vicinage”
*719 to cross county and State lines, the amendment nevertheless remains as a guide. The United States Supreme Court has said: "If an enactment * * * equally permits the underlying spirit of the constitutional concern for trial in the vicinage to be respected rather than to be disrespected, construction should go in the direction of constitutional policy even though not commanded by it.” (United States v Johnson, 323 US 273, 276.)
Even under the more liberal standards of section 134 of the Code of Criminal Procedure, discussed above, the significance of the conduct occurring in New York County in this case is minimal and insubstantial. The alleged crime of bribe receiving was complete upon the solicitation and agreement to accépt a benefit in Albany and Syracuse. The act of receiving and depositing the check in New York County is, in this context, innocent in and of itself and is significant only in the light of the prior corrupt agreement. The official decision to be influenced would be made in Albany and have its effects outside of the County of New York.
In short, the center of gravity of this crime is wholly without New York County and there is not a sufficient jurisdictional nexus to permit the prosecution to go forward. Additionally, the prosecutor failed both to adduce sufficient proof of jurisdiction and to charge the Grand Jury on that point (Matter of Steingut v Gold, 42 NY2d 311, supra).
Count two of the indictment is accordingly dismissed.