THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL HUNT, Appellant.

Third Department, January 4, 1979

APPEARANCES OF COUNSEL

*Samuel R. Whiting* for appellant.

*Sol Greenberg, District Attorney (Thomas N. Dulin* of counsel), for respondent.

## OPINION OF THE COURT

SWEENEY, J.

After receiving numerous annoying telephone calls at their residence in the County of Albany, complainants Petersen and Noonan contacted the New York State Police. Thereafter, a member of that organization installed a tape recording device on complainants' telephone. During the period in question, five offensive calls were received by Petersen and four by Noonan, all of which were recorded and logged.

Subsequent to retrieval of the tape recorder by the police, defendant was indicted by an Albany County Grand Jury on nine counts of aggravated harassment, a class A misdemeanor. After a jury trial he was found guilty on all counts and sentenced to a definite term of imprisonment of one year on each count, the first two to run consecutively, the remaining seven to run concurrently. This appeal ensued and defendant raises several issues urging reversal.

Defendant argues that in order for Albany County Court to have acquired jurisdiction in this case either conduct sufficient to establish an element of aggravated harassment must have occurred within Albany County (CPL 20.40, subd 1, par [a]) or aggravated harassment must be a "result offense" and the result have occurred in Albany County (CPL 20.40, subd 2, par [a]). Defendant further argues that no conduct was herein alleged or proven to have occurred in Albany County nor is aggravated harassment a "result offense" and, therefore, the court lacked jurisdiction. We disagree. While our research fails to reveal any New York appellate decision dealing with this precise issue, there are several decisions from trial courts which uniformly conclude that the crime is committed at the place where the call is received *(People v Fair,* 60 Misc 2d 305;

*People v Brown,* 53 Misc 2d 343; *People v Anonymous,* 52 Misc 2d 772). Common sense, logic and practical solution, in our view, dictate the same conclusion.

 We also reject defendant's contention that the trial court erred in allowing the prosecution to recall the witness Petersen to identify the defendant's voice after witness Noonan laid the proper foundation, but was unable to identify the voice *(People v Olsen,* 34 NY2d 349, 353). On this record, we are also of the view that no clear abuse of discretion appears in the imposition of sentence and, therefore, it should not be disturbed *(People v Dittmar,* 41 AD2d 788). We have carefully examined the other contentions raised by defendant and find them to be without merit.

The judgment should be affirmed.

MAHONEY, P. J., GREENBLOTT, MAIN and MIKOLL, JJ., concur.

Judgment affirmed.