THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JAMES R. MITCHELL, Appellant.

*Larceny — indictment for, in the county in which the accused acquired the property as bailee, although the appropriation by him took place in another county.*

Under subdivision 2 of section 528 of the Penal Code, providing that a person who, "having in his possession, custody or control, as a bailee  *  *  *  any money (or) property,  *  *  *  appropriates the same to his own use," is guilty of larceny, the bailment is an act requisite to the consummation of the offense, and the offender may properly be indicted, by virtue of section 134 of the Code of Criminal Procedure, in the county where the contract of bailment was executed and possession of the property was obtained, although no wrongful or unlawful act is alleged to have been committed within that county and the misappropriation took place in another county.
WILLIAMS and LAUGHLIN, JJ., dissented.

APPEAL by the defendant, James R. Mitchell, from a judgment of the Supreme Court in favor of the plaintiff, rendered on the 7th day of December, 1899, upon the verdict of a jury, convicting the defendant of the crime of grand larceny in the second degree.

The defendant was indicted by the grand jury of Erie county, at a term of the Erie County Court, held in the month of September, 1899. He was arraigned on the indictment on the 25th day of September, 1899, and pleaded not guilty. On November 9, 1899, by

an order duly made, the indictment was sent to the Supreme Court, and on the 22d day of November, 1899, the trial commenced, and resulted in a verdict of guilty, as charged in the indictment. Immediately upon the rendition of the verdict the defendant made a motion in arrest of judgment, on the ground that the " Court has no jurisdiction in this case." The motion was denied, and. on the 7th day of December, 1899, the court sentenced the defendant to the State prison at Auburn for the term of two years.

*David Gray*, for the appellant.

*C. W. Sickmon, Assistant District Attorney,* for the respondent.

McLENNAN, J. :

The sole contention of the defendant upon this appeal is that the indictment upon which he was tried and convicted does not allege that any element of the crime charged was committed within the county of Erie, and that, therefore, the grand jury of that county did not have jurisdiction to indict or the court to try and convict the defendant for the crime alleged in the indictment. ·

The indictment is as follows :

" COUNTY COURT OF ERIE COUNTY.

" The People of the State of New York

*against*

James R. Mitchell.

" The grand jury of the county of Erie by this indictment accuse James R. Mitchell of the crime of grand larceny in the second degree, committed as follows, to wit :

" That the said James R. Mitchell did, on the 17th day of August, in the year 1899, at the city of Buffalo, in the county of Erie, become the bailee and agent of Elmer B. Allen, and as such bailee and agent then and there received into his possession, custody and control certain goods, chattels and personal property of the said Elmer B. Allen, the true owner thereof, to wit : One horse, of the value of fifty dollars ; one buggy, of the value of thirty dollars ; one set of harness, of the value of ten dollars. That thereafter, and while the said James R. Mitchell still continued in possession of such personal

property, received, as aforesaid, and the said James R. Mitchell having caused the said property to be brought to the town of Lewiston, in the county of Niagara, did, on the 18th day of August, in the year 1899, at the town of Lewiston aforesaid, with force and arms, feloniously appropriate the said goods, chattels and personal property to his own use, with intent to deprive and defraud the said Elmer B. Allen of the same, and of the use and benefit thereof, and the same goods, chattels and personal property of the said Elmer B. Allen, did then and thereby feloniously steal, against the form of the statute in such case made and provided, and against the peace of the People of the State of New York and their dignity.

"THOMAS PENNEY,

"*District Attorney of Erie County.*"

It will be observed that it is not charged or alleged that the defendant committed any wrongful or unlawful act within the county of Erie. The charge is that the defendant became a bailee of the property mentioned in the indictment, in the county of Erie, and as the word "bailee" implies, and, as we will assume, honestly and in good faith, there being no allegation to the contrary; that as such bailee he took the property into the county of Niagara, and did there "with force and arms, feloniously appropriate the said goods, chattels and personal property to his own use, with intent to deprive and defraud the said Elmer B. Allen (the owner) of the same."

Section 528 of the Penal Code defines larceny. It provides as follows:

"A person who, with the intent to deprive or defraud the true owner of his property, or of the use and benefit thereof, or to appropriate the same to the use of the taker, or of any other person, either,

"1. Takes from the possession of the true owner  *  *  *  any money (or) personal property;  *  *  *  or,

"2. Having in his possession, custody or control, as a bailee, *  *  *  any money (or) property,  *  *  *  appropriates the same to his own use  *  *  *;

"Steals such property, and is guilty of larceny."

The true meaning of the section can hardly be doubtful. Under subdivision 1, a person who takes property from the possession of

the owner, with intent to deprive him of the same, is guilty of larceny. By subdivision 2, a person having in his possession the property of another, and who appropriates it to his own use, with intent to deprive the owner of the same, is also guilty of larceny.

The 1st subdivision makes the act of obtaining possession of the property of another, with the intent to deprive him of the same, a crime. By the 2d subdivision, the act of appropriating the property of another, with intent to deprive the owner thereof, although possession of such property was lawfully obtained, is made a crime. The first defines a transaction where the initial act is criminal; the second, where the initial act is lawful, but is followed by an unlawful act, and the crime is thus consummated.

The defendant was indicted under the 2d subdivision of the section, and, so far as we may judge, the exact facts are stated in the indictment, to wit, that the defendant became bailee of the horse, wagon and harness in the county of Erie, which we will assume is equivalent to saying that he obtained possession of such property honestly and in good faith; that he took it into the county of Niagara, and there feloniously, and with intent to deprive the owner of it and of its use, appropriated it to his own use. That the defendant was guilty of the crime defined by the 2d subdivision of section 528 of the Penal Code is not disputed, and such crime consisted of being a bailee of the property and appropriating it to his own use.

In order to secure a conviction for larceny under subdivision 2 of section 528 of the Penal Code, it was necessary, in this case, to prove the two facts, bailment and conversion. A case would not have been made out under that subdivision by proving conversion, or that the defendant appropriated the horse, wagon and harness to his own use. That would have been but one step in the proof. It was equally essential to prove the other fact, to wit, that the defendant was the bailee of the property. Concededly he became and was such bailee in the county of Erie, and it was quite as essential to prove the facts which constituted the bailment and possession under it as to prove the facts which constituted the conversion.

Section 134 of the Code of Criminal Procedure provides: "When a crime is committed, partly in one county and partly in another, or the acts or effects thereof, constituting or requisite to

the consummation of the offense, occur in two or more counties, the jurisdiction is in either county."

As we have seen, no crime was committed in Erie county, but we think that one of the acts requisite to the consummation of the offense was committed within said county, to wit, the act of the defendant by which he became bailee and obtained possession of the property in question.

If the defendant had been indicted and put upon his trial in the county of Niagara for having become the bailee of the property of Allen, and having feloniously appropriated it to his own use in that county, as concededly he might have been, could he have been convicted by proving only the facts which occurred in Niagara county? We may assume that the only act or thing which the defendant did in the county of Niagara in relation to the property in question was to use it in and about his own business. That would have been an appropriation within the meaning of the statute. The proof of those facts alone would not have been sufficient to justify a conviction. If, in addition, it had been shown that the property belonged to and was owned by Allen, and that it was being used by the defendant without his (Allen's) consent, the allegation in the indictment would still be unproved. Proof could not have been made that the defendant's possession of the horse, wagon and harness was unlawful, or that he became possessed of the same as servant, attorney, agent or trustee of Allen, for such was not the fact, and the indictment contained no such allegation.

In addition to proving the appropriation of the property by the defendant to his own use, which occurred in the county of Niagara, in order to establish the allegations contained in the indictment it was necessary to prove that the defendant was bailee, and obtained the property as such. The defendant could only become bailee of the property in question by contract entered into between himself and the owner, Allen. Such contract of bailment was made in the county of Erie, and possession was obtained under it in that county, and to that county the property should have been returned. Making the contract and taking the property under and in pursuance of it, was an act essential in the consummation of the crime alleged in the indictment, and defined in subdivision 2 of section 528 of the Penal Code. Except for the contract of bailment

the defendant could not have been in the situation of " having in his possession, custody or control as a bailee " the property of · Allen, and could not have appropriated it to his own use.

The indictment is in proper form. It charges the defendant with the precise crime defined by the statute, and the exact facts are alleged respecting the defendant's connection with the property which was the subject of the larceny, viz., the innocent and lawful bailment and the felonious and unlawful appropriation ; both " constituting or requisite to the consummation of the offense." One, the bailment, occurred in the county of Erie ; the other, the felonious appropriation, in the county of Niagara ; and, if so, jurisdiction was in either county. (*Matter of McFarland*, 59 Hun, 304 ; *People* v. *Crotty*, 30 N. Y. St. Repr. 45.)

In *Matter of McFarland* (*supra*) the defendant had been convicted of the crime of grand larceny, second degree, before the recorder of the city of Oswego, in the county of Oswego. It was charged and alleged in the information before the recorder that the defendant became bailee of an Irish setter dog in the county of Oswego, and obtained possession of it as such bailee in that county, and that as part of the contract of bailment he agreed to return the dog to the owner, in the county of Oswego, on or before a certain day named. The defendant took the dog into the county of Cayuga, refused to deliver or return it to the owner, and there converted it to his own use, with intent to defraud the owner of it and of the value thereof. The question of jurisdiction being raised, the court held that the defendant was properly convicted in the county of Oswego. Mr. Justice MERWIN, writing the opinion of the court, which was concurred in by HARDIN, P. J., and ·MARTIN, J., says : " The substance of the crime charged was the wrongful appropriation of property by a bailee. The bailment, if there was one, was made in Oswego county, and the property was to be returned there. If we take the view most favorable to the respondent, it was a case within section 134 of the Code of Criminal Procedure, which provides *  *  *  . It follows that the recorder had jurisdiction territorially."

The cases cited by appellant's counsel, decided by the courts of this State, are not in conflict with the rule stated in the *McFarland Case* (*supra*). In all those cases the basis of the crime charged

w.ıs false representation, and it was held that in that class of cases it is necessary that some part of the representations be made in the county in which the indictment was found, in order to confer jurisdiction. As we have seen, the offense charged in the indictment in question, and as defined by the statute, consists in a fraudulent appropriation of property by a bailee, and to consummate the offense an innocent act must precede the unlawful act, and we think there is jurisdiction of the offense in any county in which either or both of such acts took place.

If A. and B., in the county of New York, enter into a contract by which B., as the agent of A., is to collect money belonging to A. in the county of Erie and pay it over to him, and B. collects such money in the county of Erie and there forms the intent to and does actually convert such money to his own use, it may well be that a prosecution of B. for the crime of larceny could only be had in the county of Erie, because no act relating to the subject-matter of the larceny was done by B., except in said county ; but if, on the other hand, A. should deliver to B. as his agent $5,000 to take to the county of Erie, with which there to pay an indebtedness of A., and B. should take such sum into the county of Erie, and in that county, for the first time, form the intent to steal it, and actually appropriate it to his own use with such intent, we think B. might be indicted for the offense in either New York or Erie county ; in New York county, because of the fact that he did an act in that county in respect to the subject-matter of the larceny, which was essential and necessary to the consummation of the offense by him in Erie county.

We do not assent to the doctrine that the Legislature has intended to or has, in fact, so framed the law that a man may go to the county of Erie, the extreme western part of the State, hire a horse, wagon and harness, although such initial act may be honest, remove it to a distant corner of the State, and there conclude to and actually steal the rig, and thus avoid prosecution for the larceny, unless the owner shall follow him to such distant part, and there institute, or cause to be instituted, proceedings which shall result in conviction. We think the more reasonable interpretation of the law is that, under such circumstances, the thief may be brought back to the county

of Erie, where he became bailee of the property, and as such became possessed of the same, and there prosecuted for the offense.

It follows that the judgment of conviction should be affirmed.

ADAMS, P. J., and SPRING, J., concurred; WILLIAMS and LAUGHLIN, JJ., dissented.

Judgment of conviction affirmed, and case remitted to the clerk of Erie county, pursuant to section 547 of the Code of Criminal Procedure.