THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.*
JAMES R. MITCHELL, Appellant.

CRIMES — PLACE OF TRIAL. The power to change the place of trial for convenience of witnesses, upon the application of the defendant, should be conferred upon the proper court in all criminal actions where the indictment alleges that the crime was committed partly in one county and partly in another, or in any case arising under section 134 of the Code of Criminal Procedure. .

*People* v. *Mitchell,* 49 App. Div. 531, affirmed.

(Argued June 13, 1901; decided October 4, 1901.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered March 20, 1900, affirming a judgment rendered at a Trial Term upon a verdict convicting the defendant of the crime of grand larceny in the second degree.

The defendant was indicted by the grand jury of Erie county for " the crime of grand larceny in the second degree committed as follows, to wit: That the said James R. Mitchell did, on the 17th day of August, in the year 1899, at the city of Buffalo, in the county of Erie, become the bailee and agent of Elmer B. Allen, and as such bailee and agent then and there received into his possession, custody and control certain goods, chattels and personal property of the said Elmer B. Allen, the true owner thereof, to wit : one horse, of the value of fifty dollars ; one buggy, of the value of thirty dollars ; one set of harness, of the value of ten dollars. That thereafter, and while the said James R. Mitchell still continued in possession of such personal property, received, as aforesaid, and the said James R. Mitchell having caused the said property to be brought to the town of Lewiston, in the county of Niagara, did, on the 18th day of August, in the year 1899, at the town of Lewiston aforesaid, with force and arms, feloniously appropriate the said goods, chattels and personal property to his own use, with intent to deprive and defraud the said Elmer B. Allen of the same, and of the use and benefit thereof, and the same goods, chattels and personal property of the said Elmer B. Allen, did then and thereby

feloniously steal, against the form of the statute in such case made and provided, and against the peace of the People of the State of New York and their dignity."

The issue formed by the defendant's plea of not guilty when tried in the Supreme Court resulted in a verdict of "guilty as charged in the indictment." His counsel thereupon moved "for an arrest of judgment on the ground that this court has no jurisdiction in this case," but the motion was denied and he was sentenced to state's prison for two years. Upon appeal to the Appellate Division the judgment of conviction was affirmed, two of the justices dissenting, and the appellant now comes here.

*David Gray* for appellant.

*Thomas Penney* and *C. W. Sickmon* for respondent.

*Per Curiam.* We think the judgment appealed from should be affirmed for the reasons given by the learned Appellate Division in its opinion.

While it does not appear to have been of any importance in this case, it may be of great importance in some cases that the power to change the place of trial for convenience of witnesses, upon the application of the defendant, should be conferred upon the proper court in all criminal actions where the indictment alleges that the crime was committed partly in one county and partly in another, or in any case arising under section 134 of the Code of Criminal Procedure. We, therefore, adopt the suggestion to that effect made by Judge CULLEN in his dissenting opinion.

The judgment of conviction should be affirmed.

CULLEN, J. (dissenting). But one question is presented on this appeal — the jurisdiction of the grand jury of Erie county to indict the appellant for the offense of which he was convicted. The indictment charges that the appellant on a day specified at the city of Buffalo, in the county of Erie, became the bailee and agent of one Elmer B. Allen, and as such bailee then and there received into his possession, custody or control certain chattels of said Allen; that thereafter

on a day specified at the town of Lewiston, in the county of Niagara, he feloniously appropriated such chattels to his own use, with intent to defraud and deprive the said Allen of the use and benefit thereof. After conviction the defendant moved in arrest of judgment, which motion was denied. Section 323 of the Code of Criminal Procedure provides that the defendant may demur to the indictment when it appears upon the face thereof: "1. That the grand jury, by which it was found, had no legal authority to inquire into the crime charged, by reason of its not being within the local jurisdiction of the county." Section 331 of the same Code provides that this objection may be taken in arrest of judgment. Therefore, if the indictment fails to show that the offense of which the appellant was convicted was committed in the county of Erie, or its prosecution in that county authorized by statute, the judgment must be reversed.

It is conceded that prior to the enactment of the Code of Criminal Procedure the indictment could not have been sustained. At common law the general rule was that criminal offenses must be prosecuted in the county where the crime was committed. (4 Black. Com. 305.) "Even the King cannot, by charter, authorize the trial of an offense in another county." (1 Chit. 190.) This rule was regarded as one of the safeguards of the liberties of the subject. (4 Black. Com. 349–50.) Under the Federal Constitution every prosecution for a crime against the United States must be had in the state and district in which the crime was committed. Similar provisions are found in the Constitutions of many of our sister states. (Massachusetts, New Hampshire, Tennessee, Wisconsin and Nebraska.) In this state the matter is not the subject of constitutional regulation, but the rule and practice have always obtained with us except in certain cases specified by the statute where public needs have required a departure. That it was not intended by the Code of Criminal Procedure to make a radical inovation in the practice is apparent from the provisions of sections 323 and 331 already cited, which allow the objection that the grand jury had not territorial jurisdiction to inquire into the offense to be raised in arrest of judgment even after trial and conviction.

The judgment in this case has been upheld by the learned Appellate Division (by a divided court) on the ground that section 134 of the Code of Criminal Procedure authorized the prosecution of the offense in Erie county. That section reads : " When a crime is committed, partly in one county and partly in another, or the acts or effects thereof, constituting or requisite to the consummation of the offense, occur in two or more counties, the jurisdiction is in either county." The offense which the appellant committed is defined by subdivision 2 of section 528 of the Penal Code, which makes an appropriation to his own use by a bailee or agent of property of his bailor or principal then in his possession, larceny. It is argued by the learned Appellate Division that it was necessary, to constitute the offense under this provision of the statute, that the appellant should receive into his possession the property of his bailor ; that such receipt was an act " requisite to the consummation of the offense " within the terms of section 134, and that, hence, the appellant might properly be prosecuted in the county in which that act was committed. In this view I cannot agree. The possession of the chattels which is necessary in order that the offense may be committed is not an act within the meaning of section 134, but a state or condition. It is said that it was a prerequisite to the defendant's possession of the goods that he should receive them. Doubtless this is true, but it is equally true that the chattels must have come into existence in order that they should be stolen. If the stolen property consisted of manufactured articles it would hardly be contended that the prosecution might be laid in the county where the articles were made. If we once enter upon speculation as to what preexisting facts are necessary in order that a crime may be committed, and hold that a prosecution for such crime may be laid in any jurisdiction where any of such facts may have occurred, we will become involved in a hopeless maze of casuistry. If, however, it were admitted that the receipt of the property is to be deemed an act " requisite to the consummation of the offense," still this would not sustain the position of the prosecution, for it is not every act requisite to the consummation of the offense that falls within the section,

but "the acts or effects *thereof*," *i. e.*, the acts or effects of the crime; in other words, the act must be wrongful and done or committed to effect or accomplish the offense. This is the construction given by the Supreme Court of California to a provision of the Penal Code of that state identical in language with that of our Code of Criminal Procedure, except that instead of "crime" there are substituted the words "public offense," and doubtless borrowed from the source from which our own was obtained. (*People* v. *Murphy*, 51 Cal. 376.) The other construction entirely ignores the word "thereof."

Full effect can be given to this section of the Code of Criminal Procedure without placing upon it any such broad construction as has hitherto prevailed in this case. The section was reported to the legislature in 1850 by the commissioners on codes. A note to the section shows that it was taken from the Penal Code reported by the Massachusetts commissioners to the legislature of that state in 1844. I have been unable to find a copy of that report. It does not seem to be in any of the libraries of this state. But when we bear in mind that the Constitution of Massachusetts declares that "in all criminal prosecutions the verification of the facts in the vicinity where they happen is one of the greatest securities of the life, liberty and property of the citizen," it can hardly be credited that the section was intended to authorize a criminal prosecution in a locality in which it was not charged that the defendant had ever done wrong either in intent or act. As already said, at common law criminal prosecutions were almost universally local. This principle was carried to an extreme and illogical extent. The rule of common law as stated by the English courts was: "If a felony be compounded of two distinct acts, one of which takes place in one county, and the other in another county, the concurrence of both being necessary to constitute the felony, the party may not be triable in either, because, *ex hypothesi*, there is no felony committed in either." (*Rex* v. *Burdett*, 4 Bar. & Ald. 172.) It is doubtful whether in England before the enactment of the statute of Edward VI, in a case where a person assaulted in one county died from the effects thereof in another county, a prosecution for murder could be maintained at all. The doctrine has been

repudiated in some instances in America (*U. S. v. Guiteau*, 1 Mackey, 498), but in this state it was early deemed necessary to provide for the case by statute. (1 R. L. 496, § 6; 2 R. S. 727, § 47.) The section of the Code under discussion was passed to correct the evils resulting from the application of these principles and as a substitute for the provision of the Revised Statutes hitherto cited, a provision which no longer remains on the statute book. This also appears by the note of our commissioners.

The learned court below has thought that it would be a hardship to compel the bailor of property in Erie county to go to a distant part of the state to prosecute his bailee for larceny there committed. Nevertheless such was always the law in this state up to the time of the enactment of the Code of Criminal Procedure, and to-day it is the law in probably every other state of the Union. It may also be suggested that it is a much greater hardship for a man who is doing business in Erie county and who may have had consigned to him in the city of New York goods for sale in Erie county, to be taken as a criminal in custody from Erie to New York, there to answer for a crime alleged to have been committed, not in New York but in Erie county; all the witnesses to the offense residing in Erie and not in New York. If the prosecution is instituted in New York, there also must the trial be had, for the place of trial of a criminal action cannot now be changed at the instance of the defendant except on one ground, "that a fair and impartial trial cannot be had in the city or county where the indictment is pending." (§ 344, Code Crim. Pro., subdiv. 2.) The defendant's witnesses must attend the trial without fee, and whether they shall subsequently receive any compensation or reimbursement is discretionary with the court. (§ 617, Code Crim. Pro.) In this respect the position of a defendant is worse than it was under the Revised Statutes, for then the Supreme Court had general power to change the venue for special cause. (2 R. S. p. 733, § 1.) It may be that change in the customs of the community and in the manner of transacting business requires a modification or relaxation of the common-law rule that criminal prosecutions must be local. But if such prosecutions are

39·

to be made transitory, it is very plain that in order to insure justice to a defendant, provision for changing the place of trial must be made co-extensive with that which exists in civil cases. The very fact that the code commissioners, instead of enlarging the power of the court to change the place of trial, restricted it, would seem strong evidence that they did not intend to effect any great change in the existing law.

The judgment appealed from should be reversed, and the defendant discharged.

PARKER, Ch. J., BARTLETT, HAIGHT and VANN, JJ., concur for affirmance; O'BRIEN and LANDON, JJ., concur with CULLEN, J., for reversal.

Judgment of conviction affirmed.