THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SAMUEL LASSMAN, Appellant.

Judgment affirmed. No opinion. Present — Martin, P. J., Glennon, Untermyer, Dore and Callahan, JJ.; Untermyer and Callahan, JJ., dissent and vote to reverse and grant a new trial; dissenting opinion by Callahan, J.

CALLAHAN, J. (dissenting). The defendant was convicted in the Court of General Sessions of the County of New York of grand larceny in the second degree.

The indictment contained two counts, the first charging a "common law" larceny of certain rugs, and the second larceny of that property by defendant as bailee. The conviction rested solely on the second count, the first having been taken from the consideration of the jury.

The defendant received the rugs in question in the county of New York under a contract whereby he was to take them out of the State for the purpose of sale, the proceeds to be held in trust for his employer. On the day of their receipt the goods were removed from New York in an automobile owned by a fellow-employee, but driven by defendant. They were transported to West Virginia, where defendant pawned them and appropriated the proceeds to his own use.

The trial court ruled that the original possession constituted a bailment and was lawfully procured. The jury was not asked to determine whether any criminal intent with respect to the goods arose before the defendant removed them from this State. The question involved is whether, under such circumstances, the courts of New York had jurisdiction to convict defendant for larceny by a bailee.

Section 1930 of the Penal Law provides:

" The following persons are liable to punishment within the State:

" A person who commits within the State any crime, in whole or in part."

Therefore, unless some part of the crime charged was committed within the State of New York, the conviction was unwarranted.

The People contend that obtaining possession of the goods within this State, being a constituent part of the crime, was sufficient to give our courts jurisdiction. But not every pre-existing factor or condition helping to make the crime possible will afford a sufficient groundwork for jurisdiction. The test laid down by the Court of Appeals to determine when a crime is committed within this State is set forth in the case of *People* v. *Werblow* (241 N. Y. 55, 61), as follows: " We think a crime is not committed either wholly or partly in this State unless the act within this State is so related to the crime that if nothing more followed, it would amount to an attempt."

An attempt to commit a crime is defined in section 2 of the Penal Law as " an act, done with intent to commit a crime, and tending but failing to effect its commission."

It is plain from this definition that the intent must exist co-incidentally with the act. A wrongful intention formed subsequent to an innocent act will not be enough. (See Wharton's Criminal Law [12th ed.], § 215.) The act contemplated in the definition of " attempt " is an overt act. (*People* v. *Collins*, 234 N. Y. 355, 359.) In order to amount to an attempt, such an overt act must be one that would effect the intended result, unless prevented by some extraneous cause. (*People* v. *Mills*, 178 N. Y. 274.) Here there was no proof of any intent to steal the goods at the time defendant obtained possession of them. To the contrary, the act of obtaining possession of the goods was declared by the court below to be lawful. Since the act would not amount to an attempt to steal, it fails to meet the test laid down in *People* v. *Werblow* (*supra*).

The case of *People* v. *Mitchell* (49 App. Div. 531; affd., 168 N. Y. 604) is not controlling here. While that case was similar to the present one, in that it involved larceny by a bailee, the question at issue was whether jurisdiction over such a crime was properly laid in the county where the possession of the goods was obtained, or whether the offense might only be prosecuted in a second county to which the goods had been removed and where they were wrongfully appropriated. There was no question before the court in that case as to whether a criminal statute should be given extraterritorial force, but merely one of venue, concerning which our Legislature had unlimited power. While it was there held that obtaining possession was the performance of an act with respect to the subject-matter of the larceny which was essential to the consummation of the offense and was enough to support jurisdiction, the statute which controlled in that case was substantially different from section 1930 of the Penal Law. The *Mitchell* case (*supra*) involved a construction of section 134 of the Code of Criminal Procedure, which provided that " when a crime is committed, partly in one county and partly in another,

*or the acts or effects thereof, constituting or requisite to the consummation of the offense, occur in two or more counties, the jurisdiction is in either county."* (Italics by this court.)

The italicized portion of this statute has no counterpart in section 1930 of the Penal Law. The latter section, as interpreted in *People* v. *Werblow (supra)*, requires that a part of the crime sufficient to constitute an attempt be committed in this State. It is not enough that some act or effect requisite to the consummation of the offense occur here.

A like distinction may be made as to the other cases cited by the People relating to crimes committed partly in one county and partly in another.

Section 1933 of the Penal Law has no application to this case.

The fact that, after the date of his indictment, defendant pawned some of the rugs in this State would lend no support to the crime charged.

The judgment should be reversed and a new trial ordered.

Untermyer, J., concurs.