In the Matter of JOHN M. MURTAGH, Appellant, against SAMUEL S. LEIBOWITZ, Individually and as a Judge of the County Court of Kings County, Presiding as a Magistrate in the County of Kings, City and State of New York, Respondent.

Second Department, June 29, 1951.

*Lloyd Paul Stryker, Harold Shapero, Harold W. Wolfram, Harvey Cohen* and *Francis X. Murtagh* for appellant.

*Miles F. McDonald, District Attorney (Julius Helfand* and *Aaron E. Koota* of counsel), for respondent.

*Per Curiam.* It is alleged in the information that petitioner, as commissioner of investigation of the city of New York, in the County of Kings committed the crimes of neglect of duty, as set forth in section 1841 of the Penal Law and of omission of duty by a public officer, as set forth in section 1857 of the same statute. The substance of the information is that petitioner, being required by section 803 of the Charter of the City of New York to make any investigation directed by the Mayor and having been directed by the Mayor to conduct an investigation into the police department of the city of New York, made such investigation and failed to report the results thereof to the Mayor, as required by section 803–1.0 of the Administrative Code of the City of New York.

Petitioner contends that respondent is acting or is about to act without jurisdiction, since the information does not allege the commission of any offense which could have been committed within the territorial jurisdiction of the courts of Kings County. Concededly, at the times mentioned in the information, the office of the Mayor, and that of petitioner, as commissioner of investigation, were located in the county of New York. We agree with petitioner's contention that any report which he was required by law to make to the Mayor was required to be made only in New York County, and that the criminal offense of failing to make such a report could not have been committed in any other county. (Cf. *People* v. *Mueller,* 255 App. Div. 316; *State* v. *Yelle,* 4 Wn. [2d] 327, and *State ex rel. Schwenker* v. *District Court of Milwaukee County,* 206 Wis. 600.) Consequently, respondent has no jurisdiction to examine the case unless there is statutory authority for the exercise of such jurisdiction. In the absence of such authority the common-law rule controls, and under the common law it was required, in general, that all offenses should be inquired into, as well as tried, in the county in which they were committed. (*People* v. *Hetenyi,* 277 App. Div. 310; *People* v. *Mitchell,* 168 N. Y. 604, dissenting opinion per CULLEN, J.; *Mack* v. *People of the State of New York,* 82 N. Y. 235.) The Legislature has provided, however, by section 134 of the Code of Criminal Procedure that, " When a crime is committed, partly in one county and partly in another, *or the acts* or effects thereof, constituting,

or *requisite to the consummation of the offense,* occur in two or more counties, the jurisdiction is in either county.'' (Emphasis supplied.)

That statute, as construed by judicial decisions, provides territorial jurisdiction, with respect to a criminal offense, in a county in which no crime has been committed, if an act has been committed in that county, requisite to the consummation of the offense, even though that act may have been entirely lawful and innocent. If, in order to convict a defendant, the People must prove not only a criminal act committed in one county, but also an innocent or lawful act committed in another, the venue may be laid in either county. (*People* v. *Mitchell,* 49 App. Div. 531, affd. 168 N. Y. 604; *People* v. *Hudson Valley Constr. Co.,* 217 N. Y. 172, 176.)

Here it is charged, against petitioner, that he was directed to make an investigation, that he made it, and failed to report the results thereof. If a crime was committed, in order to sustain a conviction, the People must prove not only the failure to report but also the fact that petitioner was directed to make and did make the investigation, for the gravamen of the offense is the willful neglect of a duty enjoined by law. The duty which petitioner is charged with neglecting is that enjoined by section 803–1.0 of the Administrative Code, which required him to report the results of any investigation directed by the Mayor, but which did not require him to make any report until the directed investigation had been made. Since there could have been no neglect of a duty to report unless an investigation had been made, the making of the investigation was an act requisite to the consummation of the offense of willfully failing to report its results. The information, although not specific as to the acts which it is alleged occurred in Kings County, is sufficient to charge that the investigation, or some part of it, was conducted by petitioner in the county of Kings, and it may only be determined on an examination of the case whether the facts are sufficient to authorize further proceedings in that county. Since it does not appear, upon the record submitted, that respondent is acting, or is about to act, without, or in excess of his jurisdiction as a Magistrate, petitioner's application for an order of prohibition was properly denied as a matter of law, and the order should be affirmed.

JOHNSTON, J. (dissenting). I dissent and vote to reverse the order appealed from, to grant petitioner's application for an order of prohibition, and to deny respondent's cross motion to dismiss the petition.

The court is unanimously of the opinion (1) that the crime charged against petitioner, to wit, neglect of duty and omission of duty by a public officer (Penal Law, §§ 1841, 1857) in that he failed to report the results of an investigation to the Mayor could be committed only in New York County; and (2) that prohibition should issue, if section 134 of the Code of Criminal Procedure is not here applicable, because under the common law all offenses must be inquired into, as well as tried, in the county in which they were committed, there being no statutory authority changing that common-law rule. The court is divided on the applicability of section 134 of the code to the facts in this case. The majority is of the opinion that, within the meaning of that section, the investigation in Kings County was an act requisite to the consummation of the offense charged in the information. The minority is of the opinion that it is not.

In my opinion, to come within section 134 of the code, the act in question must be requisite to the consummation of the offense *defined in the statute.* (*People* v. *Mitchell,* 168 N. Y. 604, 607, 608.) If the act is not part of the offense defined in the statute, it is not " requisite to the consummation of the offense ", even though it may be an incident in the history of the crime charged. For example, in *People* v. *Mitchell* (49 App. Div. 531, affd. 168 N. Y. 604), relied on by the majority, the offense charged was larceny by a bailee (then Penal Code, § 528, subd. 2). Mr. Justice McLennan, writing for the majority in the Appellate Division (p. 334), points out that, by statutory definition, the two component parts of the crime there charged were the bailment *and* the conversion; that proof of the conversion alone would be insufficient to make out the crime charged, for conversion " would have been but one step in the proof. It was equally essential to prove the other fact, to wit, that the defendant was the bailee of the property." The learned Justice also stated that the offense defined by the statute consists of a lawful *and* an unlawful act, *both* of which must occur before there may be a conviction. Under such circumstances, it was held that, under section 134 of the Code of Criminal Procedure, the prosecution might be had either in Erie County, where the lawful bailment occurred, or in Niagara County, where the unlawful conversion took place. In *People* v. *Hudson Valley Constr. Co.* (217 N. Y. 172), also cited by the majority, the offense charged was grand larceny. It was held that the preparation of false accounts in one county which were presented for payment in another county might be prosecuted in either county, the theory being that the commission of the

offense commences where the preparation takes place, the unlawful act being continuous.

In the case at bar the offense defined in the statute (Penal Law, §§ 1841, 1857) is *not* failure to report the results of an investigation. The offense defined is willful neglect and willful omission to perform a duty enjoined by law. The making of the investigation is no part of the crime defined in the statute. When on August 26, 1946, the Mayor directed petitioner to make an investigation, there were two duties enjoined on him by law: (a) to make the investigation; (b) to report to the Mayor the results of the investigation. To prove guilt of the crime of willful neglect and omission of duty in failing to report to the Mayor, it is necessary to prove only that the Mayor directed petitioner to make the investigation. It is not necessary to prove as part of the offense either that an investigation was made or that the investigation disclosed criminal activity or other inefficiency. For example, in *State* v. *Yelle* (4 Wn. [2d] 327), cited by the majority, defendant, the State Auditor, was charged with the crime of nonfeasance in office in that (1) he willfully failed to make an examination of the financial affairs of Clallam County, and (2) he willfully failed to file a report showing an examination of Clallam County. In other words, defendant was charged with failing to file a report even though he did not conduct the investigation of which he was to file the report. This shows that the making of the investigation is no part of the offense of failing to make a report of the results thereof. In *State ex rel. Schwenker* v. *District Court of Milwaukee County* (206 Wis. 600), also cited by the majority, the State Banking Commissioner, after having made an examination of the books of a bank in Milwaukee County, was charged with failing to close the bank with knowledge that it was insolvent. In both cases, the first in which no investigation was made and the second in which an investigation was made, it was held that the defendant charged with willfully failing to perform his duty in the respects indicated could be prosecuted only in the county where he kept his office, the theory being that defendant was charged with mentally deciding not to do a certain thing and this mental operation must be held to have been initiated and concluded solely in the county where defendant kept his office.

Here, petitioner's duty was to incorporate the results of an investigation in a report. The formulation of the report with the results arrived at and the submission of the report to the Mayor of the City of New York were acts to be performed in

the county of New York, where petitioner and the Mayor had their offices.

No case is cited, and independent research has disclosed none, which holds that an act of *commission* is requisite to the consummation of an offense of *omission*. In fact, the authorities are to the contrary. In *New York Central & H. R. R. Co.* v. *United States* (166 F. 267) it was held that transportation was not an element of the offense of failure to file with the Interstate Commerce Commission certain schedules of rates and charges for transportation; that defendant could be prosecuted only in Washington, where it was required to file the schedules, and not in the jurisdiction where the transportation took place. In *United States* v. *Lombardo* (241 U. S. 73) it was held that the offense of failure to file with the Commissioner of Immigration a statement under the White Slave Traffic Act concerning an alien woman harbored for purposes of prostitution is committed, not in the jurisdiction where the woman is harbored, but in the jurisdiction where the statement was required to be filed. While it would be necessary in that case to show that the woman was harbored, yet, in the face of a statute similar to section 134 of the code, the gist of the offense was held to be the failure to file, and the harboring was no part of the offense charged. Likewise, in the case at bar, the investigation which should precede the making of the report is wholly distinct from and is not an element of the offense charged, to wit: willful failure to perform the duty of reporting the results of the investigation.

Since no part of the offense with which petitioner is charged occurred in Kings County, respondent would be acting without jurisdiction in inquiring into the offense (*People* v. *Hetenyi*, 277 App. Div. 310) and would be acting in excess of jurisdiction if he held petitioner to answer in Kings County (*People ex rel. Bungart* v. *Wells*, 57 App. Div. 140, 143; *People* v. *Fein*, 292 N. Y. 10, 13). Under these circumstances, prohibition should issue. (Civ. Prac. Act, § 1296, subd. 2; *Matter of Culver Contr. Corp.* v. *Humphrey*, 268 N. Y. 26; *Matter of Hogan* v. *Court of General Sessions*, 296 N. Y. 1.)

NOLAN, P. J., ADEL and WENZEL, JJ., concur in *Per Curiam* opinion; JOHNSTON, J., dissents and votes to reverse the order, to grant petitioner's application for an order of prohibition, and to deny respondent's cross motion to dismiss the petition, in opinion in which MACCRATE, J., concurs.

Order denying petitioner's application for an order of prohibition and granting respondent's cross motion to dismiss the petition affirmed.