In the Matter of JOHN M. MURTAGH, Appellant, against SAMUEL S. LEIBOWITZ, Individually and as a Judge of the County Court of Kings County, Presiding as a Magistrate in the County of Kings, City and State of New York, Respondent.

Argued July 11, 1951; decided October 18, 1951.

*Lloyd Paul Stryker, Harold Shapero, Harold W. Wolfram, Harvey Cohen* and *Francis X. Murtagh* for appellant. I. The information fails to allege either (a) acts constituting an offense committed in Kings County, or (b) acts constituting an offense committed partly in Kings County, or (c) " acts or effects " of the offense " constituting, or requisite to the consummation " thereof which occurred in Kings County. The information, therefore, is insufficient to confer jurisdiction upon respondent. (*People* v. *Casey,* 188 Misc. 352; *People* v. *Higgins,* 165 Misc. 503; *People* v. *Hudson Valley Constr. Co.,* 217 N. Y. 172; *People* v. *Mueller,* 255 App. Div. 316; *United States* v. *Lombardo,* 241 U. S. 73; *Rumely* v. *McCarthy,* 250 U. S. 283; *People* v. *Grogan,* 260 N. Y. 138; *People* v. *Fowler,* 152 N. Y. S. 672; *State* v. *Yelle,* 4 Wn. 2d 327; *New York Central & H. R. R. Co.* v. *United States,* 166 F. 267; *People* v. *Weed,* 153 Misc. 404.) II. Prohibition is the only efficacious remedy available to petitioner. The application for such relief is not premature. (*Matter of Culver Contr. Corp.* v. *Humphrey,* 241 App. Div. 825; *Matter of Hogan* v. *Court of General Sessions,* 296 N. Y. 1; *Matter of Morhous* v. *New York Supreme Court,* 293 N. Y. 131.) III. If the sole issue before the Court of Appeals, whether section 134 of the Code of Criminal Procedure extends respondent's jurisdiction to the information before him, is decided in appellant's favor, an

order in the nature of prohibition should issue. IV. Section 134 of the Code of Criminal Procedure vests no jurisdiction in respondent. (*State* v. *Yelle*, 4 Wn. 2d 327; *State ex rel. Schwenker* v. *District Court of Milwaukee Co.*, 206 Wis. 600; *New York Central & H. R. R. Co.* v. *United States*, 166 F. 267; *United States* v. *Lombardo*, 241 U. S. 73; *Brown* v. *State*, 108 Ala. 18; *United States* v. *Midstate Horticultural Co.*, 306 U. S. 161; *Commonwealth* v. *Morrell Refrig. Car Co.*, 129 Ky. 738; *Rumely* v. *McCarthy*, 250 U. S. 283; *Bratton* v. *United States*, 73 F. 2d 795; *People* v. *Casey*, 188 Misc. 352.)

*Miles F. McDonald, District Attorney* (*Julius Helfand* and *Aaron E. Koota* of counsel), for respondent. I. Prohibition will lie only if the Magistrate is about to act without or in excess of his jurisdiction. (*Matter of Baltimore Mail S. S. Co.* v. *Fawcett*, 269 N. Y. 379; *People ex rel. Livingston* v. *Wyatt*, 186 N. Y. 383.) II. The issue of venue must in the first instance be determined by the committing Magistrate and appellant has not established that the latter has no jurisdiction to pass upon that question. (*People* v. *Fein*, 292 N. Y. 10; *People* v. *Strope*, 151 Misc. 580; *People* v. *Stepski*, 174 Misc. 1080; *People* v. *Knapp*, 152 Misc. 368, 242 App. Div. 811.) III. The information contains averments sufficient under section 134 of the Code of Criminal Procedure to vest the Magistrate in Kings County with jurisdiction to examine the case. (*People* v. *Hetenyi*, 277 App. Div. 310, 301 N. Y. 757; *Brinckerhoff* v. *Bostwick*, 99 N. Y. 185; *People* v. *Knapp*, 206 N. Y. 373; *Hall* v. *People*, 90 N. Y. 498; *People* v. *Mitchell*, 49 App. Div. 531, 168 N. Y. 604; *People* v. *Hudson Valley Constr. Co.*, 217 N. Y. 172; *People* v. *Deinhardt*, 179 App. Div. 228, 226 N. Y. 632.) IV. Prohibition is not the proper remedy. (*Matter of Culver Contr. Corp.* v. *Humphrey*, 268 N. Y. 26; *Matter of Hogan* v. *Court of General Sessions*, 296 N. Y. 1; *Matter of Morhous* v. *New York Supreme Court*, 293 N. Y. 131; *People ex rel. Whitman* v. *Woodward*, 150 App. Div. 770.)

DESMOND, J. The petition in this proceeding (brought under Civ. Prac. Act, art. 78), prayed for an order prohibiting respondent, individually and as a County Judge of Kings County presiding as a Magistrate in that county, from continuing to assume jurisdiction over a criminal information filed with

respondent against petitioner. Petitioner was, at the times mentioned in that information, a public officer of the City of New York, to wit, its Commissioner of Investigation. The lengthy information filed against appellant charges the latter with committing, in Kings County, the misdemeanor of neglect of duty (Penal Law, §§ 1841, 1857) in that, it is alleged, he failed to report to the Mayor of the City of New York, as required by law (New York City Charter, § 803; Administrative Code of City of New York, § 803-1.0) as to an investigation, which the Mayor had ordered appellant to make, and which, according to the information, appellant did make. That investigation, it is stated in the information, was directed toward finding out whether New York City police officers had been lax or inefficient in enforcing the gambling laws, and whether they had taken bribes from gamblers. The information asserts that the investigation made by appellant, on the Mayor's order, did disclose much corruption and failure to enforce the gambling laws throughout New York City, including Kings County, but that appellant made no report thereof to the Mayor.

Appellant, in this prohibition proceeding, takes the position that the information charges against him a crime which by its nature can be committed in New York County only, and not in Kings County. It is undisputed that the office of appellant as Commissioner of Investigation and the office of the Mayor are both located in New York County, and so, argues appellant, any report by the commissioner to the Mayor was required to be made in New York County and any neglect of duty, such as the one alleged in this information, in failing to make such a report to the Mayor, could have occurred only in New York County. Appellant's further contention has to do with section 134 of the Code of Criminal Procedure, which reads as follows: " *When a crime is committed partly in one county and partly in another.* When a crime is committed, partly in one county and partly in another, or the acts or effects thereof, constituting, or requisite to the consummation of the offense, occur in two or more counties, the jurisdiction is in either county."

Appellant says that the alleged crime described in this information is not one covered by section 134, since it was not one which could be committed " partly in one county and partly in another ", and since, as he argues, there were no acts or effects

" constituting " or " requisite to the consummation of " this particular described offense, which were such as could be held to have occurred in two or more counties.

It seems clear to us that the failure of a city commissioner to make a report to the Mayor, the offices of both officials being located in New York County only, is a fault of omission which cannot be committed elsewhere than in New York County. It follows, therefore (and so the Appellate Division unanimously held), that, without recourse to section 134, above quoted, there could not be any jurisdiction to deal with this information, in respondent, who is a County Judge elected in and for Kings County only, and qualified to sit as a committing Magistrate in that county alone. The majority of the Appellate Division, however, was of the opinion that, within the meaning of section 134, the prior act of making the investigation, in Kings County, was an " act requisite to the consummation " of the later offense of failing to make the report thereof in New York County, since, as the Appellate Division *Per Curiam* opinion puts it: " there could have been no neglect of a duty to report unless an investigation had been made ". (278 App. Div. 512, 514.) In effect, the court below, citing *People* v. *Mitchell* (49 App. Div. 531, affd. 168 N. Y. 604) and *People* v. *Hudson Valley Constr. Co.* (217 N. Y. 172) construed section 134 to mean that if, in order to convict a defendant, the People must prove not only a criminal act committed in one county but also an innocent act committed in another, the venue may be laid in either of the counties. We do not so construe or apply section 134.

It was the common-law rule that every offense had to be inquired into, as well as tried, in the county where the offense was committed (see authorities collected in *People* v. *Hetenyi,* 277 App. Div. 310, 314, affd. 301 N. Y. 757). So stringently was that rule applied, at common law, that where the alleged act was performed in part in one county and in part in another or others, venue was in neither county, and prosecution could not be had at all. To correct that weakness in the law, section 134 was passed in this State, as were its counterparts in other States. But that statute's coverage and purpose are plain from its heading: " *When a crime is committed partly in one county and partly in another.*" It is impossible, we think, to consider a failure to make a report to a public officer as an offense which can

be broken up into parts. Under respondent's theory, a State official, ordered by the Governor to investigate certain conditions throughout the whole State, and, doing so but failing to report to the Governor the results of the inquiry, could be indicted in each of the State's sixty-two counties, as if his criminal failure to report had taken place in each of those counties. It seems to us that the crime of neglect of duty can be committed only where the duty is required to be performed, and that place, in this alleged instance, was New York County, the only place where appellant was in duty bound to make the report. We find no cases closely in point in this State or elsewhere, but conclude that such a failure to report is a single act of omission, and is not divisible into several parts.

We turn to respondent's contention that this situation is one of those described in section 134 where " the acts or effects * * * constituting, or requisite to the consummation of the offense, occur in two or more counties ". As we have noted, the claimed offense here is a single neglect of duty, consisting of one failure to make one report to one superior officer. True, there would have been no neglect of that particular sort, had not there been an investigation, a report of which appellant was required to make. But, according to the information, appellant did conduct and complete his investigation, so he is charged with no neglect of duty up to that point. His next, and separate, duty, and the one he is said to have neglected, was to make a report. His investigation preceded in time that alleged neglect of duty, but the subsequent fault, although *post,* was not *propter,* the early investigation, and so the investigation in Kings County was not an act constituting or requisite to the subsequent omission to report. Stating the same thing in another way, we hold that the lawful investigation was no part of the subsequent crime of neglect of duty, under sections 1841 and 1857 of the Penal Law.

We do not think either *People* v. *Mitchell (supra)* or *People* v. *Hudson Valley Constr. Co. (supra)* compels or suggests an affirmance here. Mitchell had been convicted in Erie County on proof that he had committed a larceny as defined in section 528 of the old Penal Code in that he, " having in his possession, custody or control, as a bailee " of property, had appropriated the same to his own use. The only question was as to whether

the indictment charged a crime committed within Erie County since it alleged that, in that county, he had become a bailee of personal property but had later taken it to Niagara County, and there had feloniously appropriated it. The appellate courts held that Erie County had jurisdiction. We think the distinction between that case and this is that, in the *Mitchell* case, the crime consisted not only of appropriating another's property to the defendant's own use, but of doing that with property which had been entrusted to defendant as bailee, in Erie County. Thus a bailment in Erie County was a component of the crime itself, made such by the Legislature, and not merely something which had, preliminarily, to be shown. That fact which had thus been made part of a crime although innocent in itself, had its situs in Erie County, and so section 134 applied. Furthermore, as the Appellate Division's opinion in the *Mitchell* case points out (49 App. Div., p. 535) the article bailed in Erie County should have been returned in that county.

*People* v. *Hudson Valley Constr. Co.* (*supra*) the other case relied on below, has to do with a crime which, not only in legal theory but in actual fact took place partly in Washington County, where the indictment was found, and partly in Albany County. The alleged offense was obtaining money from the State of New York through fraudulent misrepresentation to State officials of the cost of a State construction job. The indictment alleged the filing in Albany County of the false claims, but as to Washington County it alleged not only the doing of the construction work there, but also the formation in Washington County of a conspiracy to defraud the State, and the furnishing to State inspectors, in Washington County, of false vouchers. Thus the crime in the *Hudson Valley* case was one made up of several separate fraudulent acts, some of which were done in Albany County and some in Washington County.

Respondent presents several other objections to the granting of a prohibition order here. He says that prohibition is a discretionary remedy and that it does not affirmatively and positively appear that it was here denied as matter of law, and so, as he sees it, we have no power to review what may have been an exercise of discretion. The Appellate Division's majority opinion, however, says that petitioner's application " was properly denied as a matter of law " (*supra,* p. 514) and so we must

conclude that no exercise of discretion was the basis for its order. Moreover, the other opinion in the Appellate Division tells us that that court was unanimously of the opinion that prohibition should issue, if section 134 is not applicable.

Next, respondent urges that prohibition lies only if a body or officer is about to act without or in excess of its or his jurisdiction and that there is, in this instance, power at least to hear and determine the issue of venue. Ordinarily, that would be true, but here it plainly appears that a Kings County Magistrate has assumed to deal with a crime which could not have been committed in Kings County at all. Total lack of jurisdiction is apparent. Finally, respondent says that this prohibition proceeding is premature, since appellant should have first submitted, to respondent, appellant's objections to respondent's taking jurisdiction. The answer to that is that since, on this information, respondent could never have jurisdiction to hold any hearing at all on this alleged crime, there is no reason why appellant should be compelled to submit himself to respondent for any hearing, or ask respondent to determine any issue therein.

The orders should be reversed, withouts costs, and the matter remitted to Special Term with instructions to grant the order of prohibition as prayed for in the petition.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DYE, FULD and FROESSEL, JJ., concur.

Orders reversed, etc.