Francis J. Donovan, J.
Plaintiff sues in conversion. The tort is predicated on the loan of certain equipment to the defendant, in Mineóla, Nassau County, and the latter’s failure or refusal to return the same after demand. It appears that the equipment was taken to defendant’s place of business in Bronx County. The summons and complaint were served in The Bronx pursuant to section 404 (subd. [a], par. 2) of the Uniform District Court Act. The defendant moves to dismiss for lack of jurisdiction, stating that the tort (if any) was committed in Bronx County. Neither party cites any authority nor has the court’s own research revealed any case directly in point.
*1019 Where the tort is based on an unlawful taking, the cause of action is completed at the time and place of the taking and this is the place where the property is located (Salimoff & Co. v. Standard Oil Co., 262 N. Y. 220, 227.)
However, where, as here, the taking was lawful but detention is unlawful, the answer is less clear. While the property may be located in The Bronx, it was taken from and should be returned to Mineóla.
It appears then that we are involved in a situation somewhat like that now being encountered under CPLR 302 (subd. [a], par. 2) in the case of a negligent manufacturer where the article is manufactured outside the State of New York, but causes injury within the State of New York. (See Biannual Survey of N. Y. Practice, 39 St. John’s L. Rev. 193, where Singer v. Walker, 21 A D 2d 285 and Feathers v. McLucas, 21 A D 2d 558 are discussed.)
While there may be an absence of cases in point, we are not Avithout authorities which are helpful. A parallel may be found between the civil tort of conversion and the crime of larceny. It is generally true that jurisdiction in a criminal case lies in the county where the crime is committed. (Matter of Murtagh v. Leibowitz, 303 N. Y. 311.) Section 134 of the Code of Criminal Procedure, however, provides that a crime committed partly in one county and partly in another, may be prosecuted in either county.
In People v. Mitchell (49 App. Div. 531) the court sustained jurisdiction in Erie County where the innocent or legal transaction, namely, the bailment, took place in Erie County, but the felonious appropriation took place in the County of Niagara. The case is interesting because the policy supporting the rule is so well stated. The court said (pp. 537-538): “We do not assent to the doctrine that the Legislature has intended to or has, in fact, so framed the law that a man may go to the county of Erie, the extreme western part of the State, hire a horse, wagon and harness, although such initial act may be honest, remove it to a distant corner of the State, and there conclude to and actually steal the rig, and thus avoid prosecution for the larceny, unless the OAvner shall follow him to such distant part, and there institute, or cause to be instituted, proceedings which shall result in conviction. We think the more reasonable interpretation of the law is that, under such circumstances, the thief may be brought back to the county of Erie, where he became bailee of the property, and as such became possessed of the same, and there prosecuted for the offense.” To the same effect is the more recent case of People v. Lassman (252 App. Div. 742).
*1020 The initial bailment contract was made in Mineóla and the property was there delivered to defendant.
It is true that the conversion in this case is consummated by the refusal. If the demand were by telephone from Mineóla to The Bronx and an express refusal by defendant in the same conversation, query: Did the refusal, uttered and heard, at the same instant, take place in Mineóla or The Bronx! If we follow the criminal rule, there is no such problem. Jurisdiction lies in the county where the property was bailed.
It is therefore the opinion of this court that jurisdiction is properly laid in this court, for, the tortious act comprising initial delivery and failure to redeliver, was committed in Mineóla within a district of this court. Motion denied.