J. Irwin Shapiro, J.
This is a habeas corpus proceeding brought on behalf of relator upon a petition which alleges that relator is detained by “ Department of Correction Detention Pen at Part 3, Criminal Court, Queens County ”, and that the cause or pretense of the detention is that he was “ arrested and charged with the crime of robbery on October 1, 1967 in Queens County.” It is further alleged in the petition that his detention is illegal and that the nature of the illegality is that “ after the defendant’s arrest in Queens County he was unlawfully arraigned over his objection in Kings County before a Criminal Court judge on October 1, 1967.” Upon the return of the writ and in the argument thereof, it was conceded that the crime with which petitioner was charged was committed in Queens County and it was undisputed that it took place more than 500 yards from the boundary between that county and Kings County. (Code Crim. Pro., § § 134,135.)
The sole question for determination here is whether a defendant arrested in Queens County for a crime committed in that county may lawfully be arraigned in the Kings County division of the Criminal Court of the City of New York at an hour — in the nighttime — when no term of the said Criminal Court is in session in Queens County.
Although the Code of Criminal Procedure specifies which county has jurisdiction (1) of a crime committed partly in one county and partly in another (§ 134), (2) of a crime committed within 500 yards of the boundary of two counties (§ 135), (3) over offenses committed on bridges and in tunnels connecting boroughs in the City of New York (§ 135-a), (4) of a crime committed on board a vessel (§ 136), (5) of a crime committed on the Hudson River south of the northern boundary of New York City (§ 136-a), and (6) of a crime committed on a railway train passing through the State (§ 137) — oddly enough there is no express statutory provision limiting a prosecution to the county in which the crime was committed. In that regard it is the common law which governs and which holds that the county in which a crime was committed has exclusive jurisdiction to prosecute it. (Matter of Murtagh v. Leibowits, 303 N. Y. 311, 316; see authorities collected in People v. Hetenyi, 277 App. Div. 310, 314, affd. 301 N. Y. 757.)
There are provisions however in the Code of Criminal Procedure that upon an arrest pursuant to a ivarrant of one charged with a felony, or upon an arrest without a warrant of one charged with a misdemeanor, the defendant must be taken before the Magistrate who issued the warrant or some other Magistrate in the same county, as the case may be (Code *909 Crim. Pro., §§ 158, 165). But there is no provision in the code that one arrested without a warrant for a felony must be taken before a Magistrate in the county where the crime was committed or in which the arrest occurred. The only provision in the code pertinent to such a situation is section 165 which provides that ‘ ‘ The defendant must in all cases be taken before the magistrate without unnecessary delay, and he may give bail at any hour of the day or night.”
However, there are specific statutory provisions governing preliminary arraignments in New York City of defendants arrested for felonies vis-a-vis a requirement that such preliminary arraignment be had in the county where the crime was committed or in which the arrest occurred. Section 20 of the New York City Criminal Court Act provides that the Criminal Court of the City of New York is “ a single, city-wide court * * * with such power and jurisdiction as are herein or elsewhere provided by law”, and section 30 of that act states that Judges of that court “ are magistrates and shall have and exercise all the jurisdiction and powers, not inconsistent with this act, which are conferred by law upon magistrates and police justices under the provisions of the code of criminal procedure and which were conferred by law upon city magistrates of the city of New York on the first day of April, nineteen hundred ten. Notwithstanding any provision of law, when sitting as magistrates, each of the judges of the court shall have jurisdiction throughout the city, and may perform any and all of the duties and functions of a magistrate in and for any one of the counties in the city.” (Emphasis supplied.) By subdivision (1) of section 21 of that act it is provided that ‘1 the appellate divisions of the supreme court in the first and second judicial departments shall supervise the administration of the court in their respective departments either separately or jointly ”.
In implementation of the latter statute, the Appellate Divisions mentioned, by joint Administrative Order No. 75, dated September 18, 1967, signed by Presiding Justices George J. Beldock and Bernard Botein, established a weekend, holiday and night term of the Criminal Court to sit in Kings County for offenses charged to have been committed in the Counties of Kings, Queens and Richmond.
Relator was arrested on October 1, 1967, a Sunday, for the crime of robbery at a time when no Criminal Court was in session in Queens County. That night he was taken to the Criminal Court in Kings County, the then “ nearest sitting magistrate,” by virtue of the command in section 435-12.0 *910 of the Administrative Code of the City of New York to policemen of the City of New York to convey, immediately upon arrest, the “ offender before the nearest sitting magistrate, that he may be dealt with according to law.” (Emphasis supplied.) That procedure was completely legal and proper and in accordance with existing law. The detention of relator is therefore not illegal because of tiis arraignment in Kings County.
In any event, relator’s detention now is not illegal since, according to the return to the writ filed by the Warden, relator’s present detention is pursuant to a commitment, dated October 4, 1967, by Hon. Aaron F. Goldstein, a Judge of the Criminal Court of the City of New York in Part 3 of the Criminal Court of the County of Queens charging relator with the crime of robbery and remanding him for 1 ‘ trial in Part 3, of the Criminal Court of the County of Queens,” and that bail in the sum of $2,500 was set. Thus, even if it were assumed arguendo, contrary to the fact, that the arraignment of relator in Kings County was illegal, that would not affect his present detention, for he is now being held pursuant to a commitment by a court which unquestionably had and has jurisdiction over him. An illegal Kings County arraignment would not immunize relator from being held on a subsequent legal commitment, nor would an illegal Kings County arraignment immunize him from being held to answer the charge of having committed a robbery.
The District Attorney contends that, since defendant was charged with having committed a felony and had not been indicted, he could not be arraigned in any court because of section 309 of the Code of Criminal Procedure, which provides that ‘ ‘ The arraignment * * * consists in stating the charge in the indictment to the defendant, and in asking him whether he pleads guilty or not guilty thereto.” In this the District Attorney is in error. Section 3091 of the Code of Criminal Procedure is contained in title V of part 4 of the Code of Criminal Procedure entitled “ Of the Indictment.” The provisions of that section do not apply to proceedings antecedent to the return of an indictment. There are preliminary arraignments in courts prior to indictment. (Cf. Code Crim. Pro., § 164.) In fact, section 55 of the New York City Criminal Court Act is entitled “ Arraignment on short affidavit ” and provides that ‘ ‘ Whenever a defendant is arraigned before a judge of the court sitting as a magistrate, charged with a felony”. (Emphasis supplied.) Moreover, the taking of a defendant arrested for a crime before a Magistrate as required by section 165 of the Code of Criminal Procedure has invariably been designated *911 as an arraignment. (See, e.g., People v. Vargas, 7 N Y 2d 555, 566; People v. Scully, 4 N Y 2d 453, 455.)
Relator in his argument before the court cited the case of Matter of Murtagh v. Leibowits (303 N. Y. 311). There the court sustained a writ of prohibition against- a County Judge of the County of Kings “presiding as a Magistrate” of that county on an event which occurred in New York County saying (p. 319):“ Next, respondent urges * * * that there is, in this instance, power at least to hear and determine the issue of venue. Ordinarily, that would be true, but here it plainly appears that a Kings County Magistrate has assumed to deal with a crime which could not have been committed in Kings County at all. Total lack of jurisdiction is apparent.” At that time, however, there was no governing statute making a Kings County Court Judge “ a magistrate in and for any one of the counties in the city ’ ’, as is now the situation in the case of Criminal Court Judges (L. 1962, ch. 697; N. Y. City Crim. Ct. Act, § 3.0).
People v. Hetenyi (277 App. Div. 310 [4th Dept.], affd. 301 N. Y. 757, supra), also cited by relator on his argument, in reversing a conviction for murder in the first degree, merely held that (p. 313), “A person charged with a crime must be indicted and tried in the county where the crime was committed, except in those instances where the Legislature has made exceptions, by statute, to that ancient rule of the common law”. (Emphasis supplied.) That case is clearly inapposite for we are not dealing here with the finding of an indictment, or a trial being held, in a county other than the county in which the crime was committed but rather with a preliminary appearance of a defendant for the purpose of affording him an opportunity to have bail set. The relator’s appearance before ‘‘ the nearest sitting magistrate ” (Administrative Code, § 435-12.0), which in this case was in the County of Kings, was in strict compliance with the intent of the Legislature when it mandated that the “ defendant must in all cases be taken before the magistrate without unnecessary delay, and he may give bail at any hour of the day or night.” (Code Crim. Pro., § 165.)
The question of inconvenience to relatives and friends of the defendant in being compelled to go to another county to see defendant which was adverted to on the argument does not raise a question of law which this court may consider. If the contention thus made has any validity it must be addressed to the forum which has jurisdiction to consider it.
In a memorandum of law submitted by the Criminal Courts Bar Association of Queens County as amicus for relator it *912 is contended that a Magistrate in a county of a different judicial district would not have the power to set bail by virtue of section 560 of the Code of Criminal Procedure and that thus a defendant arraigned in Kings County on a Queens County crime would be denied his right to apply for bail. This contention is without merit. Section 560 does not limit the power of a Magistrate to set bail.
Except for the .restriction contained in section 552 of the Code of Criminal Procedure that only a Supreme Court Justice or County Court Judge can admit to bail a defendant charged with certain crimes (with no limitation as to county), section 557 of the Code provides that “ when the defendant has been held to answer, the admission to bail may be by the magistrate by whom he is so held”. In addition, section 559 provides that “The defendant may be admitted to bail by a magistrate, as provided in the last two sections, upon being held to answer, or at any time before the return of the depositions and statement to the court.” Section 560 of the code upon which the amicus relies obviously does not apply to a fixation of bail by a Magistrate upon a preliminary hearing. That section provides:
1. “If the crime charged be a felony, all applications for bail, either before or after conviction, must be made .returnable in the judicial district in which the crime was alleged to have been committed or in which the indictment is pending for trial.
2. “In the several cities of this state, if the crime charged be a felony, the application for admission to bail must be upon notice of at least two days, to the district attorney of the county, unless the magistrate by order fixes a shorter time, and the committing magistrate, upon the like notice, in writing, requiring him to do so, must transmit the depositions and statement, or a copy thereof, to the court or magistrate to whom the application for bail is to be made.” (Emphasis supplied.)
This provision does not deal with the mandatory preliminary arraignment 1 ‘ without unnecessary delay ’ ’ and the provision for giving “ bail at any hour of the day or night ” enjoined by section 165 of the code. It deals with a time after a preliminary arraignment since it provides that an application for admission to bail in the case of a felony must be upon notice of at least two days to the District Attorney. Significantly, it is stated in the District Attorney’s memorandum that bail was fixed for relator by the Criminal Court Judge in Kings County. Moreover, the joint Administrative Order of the Appellate Divisions establishing a weekend, holiday and night term of the Criminal Court to sit in Kings County for offenses committed in Kings, Queens and Richmond counties does not provide that such court is to continue *913 to hold a matter before it. Immediately upon arraignment, the matter is transferred to the county where the crime was allegedly committed, as was done here, when defendant was produced in Trial Term, Part 3 of the Criminal Court in Queens County.
The application for a writ of habeas corpus is denied and the petition is dismissed. Submit judgment accordingly.